1  JACK RUSSO (State Bar No. 96068)
   CHRISTOPHER SARGENT (State Bar No. 246285)
2  COMPUTERLAW GROUP LLP
   401 Florence Street
3  Palo Alto, CA 94301
   Telephone: (650) 327-9800
4  Facsimile: (650) 618-1863
   E-mail: jrusso@computerlaw.com
5         csargent@computerlaw.com

6  Attorneys for Plaintiff
   GROUPION, LLC

           UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

                   SAN JOSE DIVISION

GROUPION, LLC a California limited liability company,    Case No. CV 11- 0870 EMC

                    Plaintiffs,

           vs.                                  **COMPLAINT FOR DECLARATORY AND OTHER RELIEF, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

GROUPON, INC., a Delaware corporation,
THE POINT, INC., a Delaware corporation, and,
GOOGLE, INC., a Delaware corporation,

                    Defendants.

Complaint                                        Case No. _____

Computerlaw Group LLP
computerlaw.com

Plaintiff Groupion LLC ("Groupion" or "Plaintiff") alleges as follows against DefendantsGroupon, Inc. ("Groupon"), The Point, Inc. ("The Point") and Google, Inc. ("Google") as follows:

## NATURE OF ACTION

1. This is an action for trademark infringement and unfair competition based upon Defendants' having improperly and willfully used a mark nearly identical to Plaintiff's trademark GROUPION, with Trademark Registration No. 3,816,266 (the "Trademark" or the "Mark"), without permission, thereby causing customer confusion, and unfairly competing with Plaintiff by the improper use of Plaintiff's trademark.

## JURISDICTION AND VENUE

2. This action arises under the trademark laws of the United States. 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as 15 U.S.C. §1121. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) - (c) in that, on information and belief, Defendant has used, sold, offered for sale, distributed, or otherwise commercially exploited in this District products that infringe upon Plaintiff's Trademark and has improperly created confusion as to the owner of such marks or goods associated with such marks in this District. The Court has supplemental jurisdiction over Plaintiff's pendent claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. Groupion LLC is a limited liability company duly organized and existing under the laws of the State of California, having its principal place of business in Santa Clara County, California. Groupion started in Germany in 2007 and quickly expanded in the same year to the United States, building and selling a web-based Business Groupware and Customer Relations Management ("CRM") platform (the "Software Portal") which helps companies and project teams work together and execute different tasks within one integrated working environment, including coupon management.

//

//

4. Defendant Groupon is a Delaware corporation with its principal place of business in Chicago, Illinois and offices in Santa Clara County, in Palo Alto, California, and it offers its own software-as-a-service portal for merchants.

5. Defendant The Point, Inc. ("The Point") is a Delaware corporation. The Point is the original owner of the Groupon trademark and is the parent corporation of Defendant Groupon.

6. Defendant Google, Inc. is a Delaware corporation with its principal place of business in Mountain View, California. Defendant Google has aided Defendant Groupon through, among other things, its sale of advertisements related to Plaintiff's trademark.

## BACKGROUND FACTS

7. Plaintiff sells its Software Portal throughout the world, and the United States, branded with the Trademark.

8. Plaintiff has continuously used the Trademark in interstate commerce since May 2007 in connection with the sale of goods and services. From May 2007 through 2008, the Mark was prominently used on Plaintiff's website, www.groupion.net, and from 2008 to present the Mark has been prominently used on Plaintiff's website www.groupion.com.

9. Beginning in May 2007, an on-demand version of the Software Portal was marketed, sold and otherwise available on www.groupion.net in the United States. A copy of the domain registration is attached hereto as Exhibit 1.

10. In November 2008, Plaintiff attended an international trade showcalled the "CRM-Expo", alongside major US corporations such as Oracle, Microsoft, and Salesforce.com. At that trade show, Plaintiff promoted and marketed the Trademark to such US corporations among others.

11. The organizers of the "CRM-Expo" publish a list of all exhibitors on their website well in advance of the actual show. The Trademark was, therefore, promoted on the website of the CRM-Expo before November 2008.

12. On December 22, 2008, Mr. Peter-Christoph Haider filed for a trademark registration in the name "Groupion." The Trademark was registered on July 13, 2010 and bears registration number 3,816,266. A copy of the "Groupion" trademark registration is attached hereto as Exhibit 2.

//

Complaint      2      Case No. _____

Computerlaw Group LLP
computerlaw.com

13. Plaintiff has extensively advertised and promoted the Mark, and has expended considerable effort and expense in offering quality computer software, software as a service, electronic documentation and related services delivered over the Internet under the Mark. As a result of Plaintiff's use and promotion effort, the Mark has come to identify the goods and services of Plaintiff.

14. In February 2011, Mr. Haider assigned all right, title and interest in the Trademark in the United States to Plaintiff.

15. Defendant uses the Trademark in a form with only a single letter different (the sixth letter "i" is missing in Defendant's usage) in connection with the sale of its goods and services, and sales of similar products, such as providing online coupons, including in prominent displays on its website, www.groupon.com.

16. Defendant's use of the Trademark is causing actual confusion in the actual and potential customers of Plaintiff.

17. Defendant's use of the Trademark is causing confusion in major search engines, which, when the Trademark is searched for, results in a request for correction which would change Plaintiff's name to Defendant's name. For example, if one conducts a search on www.google.com for "Groupion", the results include a statement, "Did you mean: groupon." Defendant Google has failed and refused to correct this.

18. Defendant is using the Trademark in its advertising, such that when one searches for the identical mark, "Groupion", on www.google.com, a banner ad purchased by Defendant appears at the top of the search result with hyperlinks to Defendant's website.

19. Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Trademark is in connection with the sale of coupon-related software and services, and as such will likely confuse customers, and that Defendant Google is aiding and abetting such confusion.

## FIRST CLAIM FOR RELIEF

(Declaratory and Other Relief Against Defendants Groupon and The Point)

20. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 19, above, as if set forth in full herein.

21. A dispute has arisen between Plaintiff, on the one hand, and Defendants, on the other hand, regarding the validity of Defendant's trademark registration in the word "GROUPON", registration number 3,685,954.

22. After Plaintiff began using its GROUPION mark in commerce, Defendant Groupon purported to take an assignment of rights from a failed company named "THE POINT, INC." and purported to begin using the mark GROUPON in connection with "promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the retail websites of others, and discount information."

23. Defendant Groupon's predecessor-in-interest (THE POINT, INC.) applied for and obtained registration of the GROUPON mark based on the false and misleading representation that THE POINT, INC. had used the GROUPON mark in interstate commerce on October 21, 2008; the CEO of Groupon, Inc. publicly stated (to the Wall Street Journal and on the company website) that the first "use" of the GROUPON mark was October 2008 in connection with the discounted sales of pizzas wholly within the City of Chicago (and therefore not in interstate commerce). Neither DefendantGroupon nor its predecessor-in-interest informed the USPTO of this.

24. Defendant Groupon's true first use date in commerce is after the priority date established for Plaintiff's use of the Mark based on Plaintiff's filing for registration of the GROUPION mark in the Federal Republic of Germany on November 27, 2008 and after Plaintiff's earlier uses of the GROUPION mark throughout the world, including in the United States in October 2007, and earlier.

25. Defendant Groupon procured registration of GROUPON without disclosing to the USPTO its knowledge of the GROUPION mark, including its knowledge that the domain name (www.groupion.com) was and is owned by Plaintiff.

26. Defendant Groupon's registration for GROUPON, U.S. Registration No. 3,685,954 issued on September 22, 2009 and it is, therefore, less than five (5) years old. Defendant Groupon is accordingly not entitled to any claim of incontestability.

//

//

Complaint 4 Case No. _____

27. Plaintiff's use of the Mark predates saidDefendants' true first date of use of its mark GROUPON in commerce and, therefore, Plaintiff has priority of use in commerce with respect thereto.

28. A likelihood of confusion exists between the mark GROUPION, owned by Plaintiff, and the mark GROUPON, owned by Defendant, and actual evidence of confusion has commenced and is continuing such that Plaintiff has been and is being damaged by the continued registration and use of the GROUPON mark by Defendant.

29. Because of the priority of use in commerce by Plaintiff and because of the likelihood of continuing confusion between GROUPION by Plaintiff and GROUPON by Defendant, Defendant's registration is not entitled to remain registered, and it should be cancelled.

30. Because Defendant procured its registration, directly or indirectly, through misrepresentation, lack of candor and other inequitable conduct before the USPTO, Defendant's registration is not entitled to remain registered and should be ordered to be cancelled by this Court for this additional and independent ground. In connection with such cancellation, Defendant GROUPON should be enjoined from registering or purporting to register any confusingly similar mark.

## SECONDCLAIM FOR RELIEF

(Trademark Infringement [15 U.S.C. § 1114(1)] Against All Defendants)

31. Plaintiff re-alleges each of the allegations of Paragraphs 1 through 19, above, and incorporates the same by this reference as if fully set forth herein.

32. Plaintiff has adopted and has used the Trademark in interstate commerce for its goods and services since May 2007, and is currently using the Trademark in interstate commerce.

33. Plaintiff has continuously used the Trademark to identify its goods and services, and to distinguish them from those made by others, by, among other things, prominently displaying the Trademark on or in connection with its products, advertising brochures, mailings, and manuals distributed throughout the United States and the world. Since the registration date for the Trademark, Plaintiff has given constructive notice that the Trademark is registered in the U.S. Patent and Trademark Office by displaying the marks with the letter R enclosed within a circle after them.

//

34. Plaintiff is informed and believes that Defendants have infringed the Trademark in interstate commerce within the meaning of the Lanham Act by using the Trademark on products and/or in connection with services, and/or the marketing, advertising or commercialization of such products and/or services, thus creating confusion as to such ownership and the source of goods or services designated by such Trademark. Such uses of the Trademark by Defendants are without permission or authority of Plaintiff and said uses by Defendants are likely to cause confusion, to cause mistake, and to deceive the public.

35. Plaintiff is informed and believes that Defendants' unauthorized use of the Trademark has been committed willfully and maliciously, and with the intent to cause confusion, mistake, and to deceive, such that Plaintiff is entitled to exemplary damages sufficient to deter such conduct by Defendants in the future.

36. Plaintiff is informed and believes, and on that basis alleges, that by reason of the above acts, Defendants have caused, are causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the value of the Trademark, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendants, their officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendants' distributors, resellers, and customers, from further use of Plaintiff's Trademark.

37. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven at trial. Plaintiff is also entitled to enhanced damages under the Lanham Act due toDefendants' deliberate, willful and intentional use of Plaintiff's Trademark in an amount to be proven at trial.

//
//
//

## THIRD CLAIM FOR RELIEF

(Unfair Competition Against All Defendants)

38. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 37, above, as if set forth in full herein.

39. Plaintiff is informed and believes, and on that basis alleges, that Defendants have used the Trademark and trade name in interstate commerce. Such use of the Trademark and trade name by Defendants is without permission or authority of Plaintiff and said use by Defendants is likely to cause confusion, to cause mistake, and to deceive and to unfairly compete with Plaintiff.

40. Defendants' heretofore alleged acts of unfair competition have been committed willfully and maliciously, and with the intent to cause confusion, mistake, and to deceive the public and to injure Plaintiff, such that Plaintiff is entitled to exemplary damages sufficient to deter such conduct by Defendants in the future.

41. Plaintiff is informed and believes, and on that basis alleges, that by reason of the above acts, Defendants have caused, are causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendants, their officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendants' distributors, resellers, and customers, from further use of Plaintiff's company name and the Trademark on Defendants' website or otherwise.

42. As a direct and proximate result of Defendants' unfair competition, Plaintiff has been, and continues to be, irreparably harmed and otherwise severely damaged in an amount yet to be determined.

//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, and those persons in control of or acting in concert therewith, as follows:

A. For preliminary and permanent injunctions enjoining each Defendant, its officers, agents, servants, employees, and all other persons in active concert with it from directly or indirectly infringing Plaintiff's trademarks or continuing to assist in any such activity;

B. For Plaintiff's actual damages according to proof, and for disgorgement of any additional gains, profits, and advantages obtained by each Defendant attributable to its infringements of Plaintiff's Trademark, in accordance with proof;

C. For declaratory and other relief that Defendant Groupon's mark, registration number 3,685,954, is not entitled to remain registered, and that it should be cancelled;

D. For statutory damages for each Defendant's infringement;

E. For punitive damages in amounts sufficient to punish each Defendant for its wrongful acts;

F. For treble damages as allowed by law;

G. For an accounting by each Defendant of all gains, profits, and advantages derived from their acts of infringement and for its other violations of law;

H. For pre-judgment interest;

I. For its costs of suit and for its reasonable attorneys' fees as authorized by law; and

J. For such other, further, and different relief as the Court deems just and proper.

Dated: February 24, 2011

Respectfully submitted,

COMPUTERLAW GROUP LLP

By: _____
Jack Russo
Christopher Sargent

Attorney for Plaintiff
GROUPION LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to each issue for which Plaintiff is entitled to trial by jury.

Dated: February 24, 2011

Respectfully submitted,

COMPUTERLAW GROUP LLP

By: *[signature]*
Jack Russo
Christopher Sargent

Attorney for Plaintiff
GROUPION LLC

---

Computerlaw Group LLP
computerlaw.com

Complaint                                9                                Case No. _____

Case3:11-cv-00870-EMC Document1 Filed02/24/11 Page11 of 14

```
                                      groupion.txt
Whois Server Version 2.0

Domain names in the .com and .net domains can now be registered
with many different competing registrars. Go to http://www.internic.net
for detailed information.

Domain Name: GROUPION.NET
Registrar: INTERNETWIRE COMMUNICATIONS GMBH
Whois Server: whois.internetwire.de
Referral URL: http://www.internetwire.de
Name Server: NS1.NET-SERVER.DE
Name Server: NS2.NET-SERVER.DE
Status: clientTransferProhibited
Updated Date: 21-sep-2010
Creation Date: 24-may-2007
Expiration Date: 24-may-2011

>>> Last update of whois database: Wed, 23 Feb 2011 22:46:04 UTC <<<

NOTICE: The expiration date displayed in this record is the date the
registrar's sponsorship of the domain name registration in the registry is
currently set to expire. This date does not necessarily reflect the expiration
date of the domain name registrant's agreement with the sponsoring
registrar. Users may consult the sponsoring registrar's Whois database to
view the registrar's reported date of expiration for this registration.

TERMS OF USE: You are not authorized to access or query our whois
database through the use of electronic processes that are high-volume and
automated except as reasonably necessary to register domain names or
modify existing registrations; the Data in VeriSign Global Registry
Services' ("VeriSign") Whois database is provided by VeriSign for
information purposes only, and to assist persons in obtaining information
about or related to a domain name registration record. VeriSign does not
guarantee its accuracy. By submitting a Whois query, you agree to abide
by the following terms of use: You agree that you may use this Data only
for lawful purposes and that under no circumstances will you use this Data
to: (1) allow, enable, or otherwise support the transmission of mass
unsolicited, commercial advertising or solicitations via e-mail, telephone,
or facsimile; or (2) enable high volume, automated, electronic processes
that apply to VeriSign (or its computer systems). The compilation,
repackaging, dissemination or other use of this Data is expressly
prohibited without the prior written consent of VeriSign. You agree not to
use electronic processes that are automated and high-volume to access or
query the Whois database except as reasonably necessary to register
domain names or modify existing registrations. VeriSign reserves the right
to restrict your access to the Whois database in its sole discretion to ensure
operational stability. VeriSign may restrict or terminate your access to the
Whois database for failure to abide by these terms of use. VeriSign
reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and
Registrars.




                                        Page 1
```

# United States of America
## United States Patent and Trademark Office

# Groupion

**Reg. No. 3,816,266**
**Registered July 13, 2010**

**Int. Cls.: 9 and 42**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

HAIDER, PETER-CHRISTOPH, MR. (FED REP GERMANY INDIVIDUAL)
STEPBERGWEG 5
GRAINAU, FED REP GERMANY 82491

FOR: COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES; COMPUTER E-COMMERCE SOFTWARE TO ALLOW USERS TO PERFORM ELECTRONIC BUSINESS TRANSACTIONS VIA A GLOBAL COMPUTER NETWORK; COMPUTER SOFTWARE FOR USE IN CUSTOMER RELATIONSHIP MANAGEMENT (CRM); COMPUTER SOFTWARE THAT PROVIDES WEB-BASED ACCESS TO APPLICATIONS AND SERVICES THROUGH A WEB OPERATING SYSTEM OR PORTAL INTERFACE; COMPUTER SOFTWARE, NAMELY, SOFTWARE DEVELOPMENT TOOLS FOR THE CREATION OF MOBILE INTERNET APPLICATIONS AND CLIENT INTERFACES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: APPLICATION SERVICE PROVIDER (ASP), NAMELY, HOSTING COMPUTER SOFTWARE APPLICATIONS OF OTHERS; APPLICATION SERVICE PROVIDER, NAMELY, PROVIDING, HOSTING, MANAGING, DEVELOPING, AND MAINTAINING APPLICATIONS, SOFTWARE, WEB SITES, AND DATABASES IN THE FIELDS OF PERSONAL PRODUCTIVITY, WIRELESS COMMUNICATION, MOBILE INFORMATION ACCESS, AND REMOTE DATA MANAGEMENT FOR WIRELESS DELIVERY OF CONTENT TO HANDHELD COMPUTERS, LAPTOPS AND MOBILE ELECTRONIC DEVICES; COMPUTER SOFTWARE CONSULTANCY; COMPUTER SOFTWARE DESIGN; COMPUTER SOFTWARE DESIGN FOR OTHERS; COMPUTER SOFTWARE DESIGN, COMPUTER PROGRAMMING, OR MAINTENANCE OF COMPUTER SOFTWARE; COMPUTER SOFTWARE DEVELOPMENT; COMPUTER SOFTWARE INSTALLATION AND MAINTENANCE; COMPUTER SOFTWARE RENTAL; CONSULTANCY IN THE FIELD OF SOFTWARE DESIGN; CUSTOMIZATION OF COMPUTER HARDWARE AND SOFTWARE; CUSTOMIZED SOFTWARE DEVELOPMENT SERVICES; DESIGN AND DEVELOPMENT OF COMPUTER SOFTWARE; DESIGN OF HOME PAGES, COMPUTER SOFTWARE AND WEB SITES, IN CLASS 42 (U.S. CLS. 100 AND 101).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON FED REP GERMANY APPLICATION NO. 007426919, FILED 11-27-2008.

OWNER OF ERPN CMNTY TM OFC REG. NO. 007426919, DATED 5-20-2009, EXPIRES 5-20-2019.

SER. NO. 77-637,591, FILED 12-22-2008.

MICHAEL LITZAU, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office