JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
CLIFFORD C. WEBB (CSB No. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant
GROUPON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GROUPION, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation, THE POINT, INC., a Delaware corporation, and GOOGLE, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 3:11-cv-00870<br><br>**DEFENDANT GROUPON, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR: (1) DECLARATORY RELIEF; (2) TRADEMARK INFRINGEMENT; AND, (3) UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Defendant Groupon, Inc. ("Groupon"), for itself and as successor-in-interest to the entity sued as The Point,[1] hereby answers Plaintiff's First Amended Complaint ("FAC") as follows:

## NATURE OF ACTION

1.  In answer to Paragraph 1 of the FAC, Groupon admits that the FAC purports to allege trademark infringement and unfair competition but denies all other averments.

---

[1] As of June 16, 2009, ThePoint.com, Inc., a/k/a The Point, changed its name to Groupon, Inc.

**JURISDICTION AND VENUE**

2. Groupon neither admits nor denies the averments contained in Paragraph 2 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them, except that Groupon specifically denies that it has infringed any trademark rights of Plaintiff or has created consumer confusion.

**THE PARTIES**

3. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the FAC and on that basis denies them.

4. Groupon denies the averments in Paragraph 4 of the FAC, except that Groupon admits that it is a Delaware corporation with its principal place of business in Chicago, Illinois, and that it maintains offices in Santa Clara County. Groupon further admits that it offers certain services to its listing merchants, offers a Groupon application for mobile devices, and maintains a website at www.grouponworks.com.

5. Groupon denies the averments in Paragraph 5 of the FAC, except that The Point is listed as the original owner of trademark registration number 3,685,954 for the "Groupon" mark.

6. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the FAC and on that basis denies them, except that Groupon specifically denies that it has been "aided" by "advertisements related to Plaintiff's trademark."

**BACKGROUND FACTS**

7. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the FAC and on that basis denies them.

8. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the FAC and on that basis denies them.

9. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the FAC and on that basis denies them, except

1 that Groupon admits that the document attached as Exhibit 1 to the FAC purports to contain

2 certain information concerning the domain registration for www.groupion.net.

3     10. Groupon is without knowledge or information sufficient to form a belief as to the

4 truth of the averments contained in Paragraph 10 of the FAC and on that basis denies them.

5     11. Groupon is without knowledge or information sufficient to form a belief as to the

6 truth of the averments contained in Paragraph 11 of the FAC and on that basis denies them.

7     12. Groupon is without knowledge or information sufficient to form a belief as to the

8 truth of the averments contained in Paragraph 12 of the FAC and on that basis denies them,

9 except that Groupon admits that the document attached as Exhibit 2 to the FAC purports to be

10 trademark registration number 3,816,266 for the "Groupion" mark.

11     13. Groupon is without knowledge or information sufficient to form a belief as to the

12 truth of the averments contained in Paragraph 13 of the FAC and on that basis denies them.

13     14. Groupon is without knowledge or information sufficient to form a belief as to the

14 truth of the averments contained in Paragraph 14 of the FAC and on that basis denies them.

15     15. Groupon denies the averments in Paragraph 15 of the FAC.

16     a. Groupon neither admits nor denies the averments contained in

17 Paragraph 15(a) of the FAC because those averments are conclusions of law to which no response

18 is required; to the extent those averments may be deemed averments of fact, Groupon is without

19 knowledge or information sufficient to form a belief as to the truth of those averments and on that

20 basis denies each of them.

21     b. Groupon is without knowledge or information sufficient to form a belief as

22 to the truth of the averments contained in Paragraph 15(b) of the FAC and on that basis denies

23 them, except that Groupon admits that it offers a Groupon application for mobile devices related

24 to its deal of the day services, that it maintains a website at www.grouponworks.com related to its

25 deal of the day services, that it purchased a company called "mob.ly," and that it has offices in the

26 Silicon Valley.

27     c. Groupon denies the averments in Paragraph 15(c) of the FAC.

28     d. Groupon is without knowledge or information sufficient to form a belief as

to the truth of the averments contained in Paragraph 15(d) of the FAC and on that basis denies them.

   e. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15(e) of the FAC and on that basis denies them, except that Groupon admits that it uses the Internet for marketing and uses Google's AdWords service.

   f. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15(e) of the FAC and on that basis denies them, except that Groupon admits that it advertises its service on the Internet, and Groupon denies that its customers "exercise a low degree of care."

   g. Groupon denies the averments in Paragraph 15(g) of the FAC.

   h. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15(h) of the FAC and on that basis denies them, except that Groupon admits that it delivers services via the Internet, and Groupon denies that it is in competition with Plaintiff.

16. Groupon denies the averments in Paragraph 16 of the FAC.

17. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17 of the FAC and on that basis denies them.

18. Groupon denies the averments in Paragraph 18 of the FAC, except that Groupon admits that it has purchased AdWords services whereby Groupon advertising links may be displayed when Google users accidentally type misspellings of "Groupon," including "Groupion."

19. Groupon denies the averments in Paragraph 19 of the FAC.

20. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the FAC and on that basis denies them, except that Groupon admits that Google operates a popular search engine.

21. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the FAC and on that basis denies them,

except that Groupon admits that generally speaking, Internet search engines allow users to enter search terms and display search results.

22. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the FAC and on that basis denies them.

23. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 23 of the FAC and on that basis denies them, except Groupon admits that there are domain names used on the world wide web and that the allegations of Paragraph 23 generally describe the functionality of some websites.

24. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the FAC and on that basis denies them, except Groupon admits that Internet users may locate websites by using their domain names.

25. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the FAC and on that basis denies them, except Groupon admits that Internet users may search for companies by name.

26. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 26 of the FAC and on that basis denies them.

27. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27 of the FAC and on that basis denies them.

28. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28 of the FAC and on that basis denies them.

29. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the FAC and on that basis denies them, except that Groupon admits that Google offers a program called "AdWords."

30. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the FAC and on that basis denies them.

31. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 31 of the FAC and on that basis denies them.

32. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the FAC and on that basis denies them, except that Groupon admits that it advertises via the Internet and has purchased AdWords services whereby Groupon advertising links may be displayed when Google users accidentally type misspellings of "Groupon," including "Groupion."

33. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 33 of the FAC and on that basis denies them, except that Groupon explicitly denies any suggestion that it intends to divert or intercept customers or potential customers of Plaintiff.

34. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the FAC and on that basis denies them, except that Groupon explicitly denies any suggestion that it intends to divert or intercept customers or potential customers of Plaintiff.

35. Groupon denies the averments contained in Paragraph 35 of the FAC.
    a. Groupon denies the averments contained in Paragraph 35(a) of the FAC.
    b. Groupon denies the averments contained in Paragraph 35(b) of the FAC.
    c. Groupon denies the averments contained in Paragraph 35(c) of the FAC.
    d. Groupon denies the averments contained in Paragraph 35(d) of the FAC.
    e. Groupon denies the averments contained in Paragraph 35(e) of the FAC.
    f. Groupon denies the averments contained in Paragraph 35(f) of the FAC.

36. Groupon denies the averments contained in Paragraph 36 of the FAC.

37. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of the FAC and on that basis denies them, except that Groupon explicitly denies that Plaintiff is harmed in any way by Internet users potentially clicking on an advertisement not associated with Plaintiff.

38. Groupon neither admits nor denies the averments contained in Paragraph 38 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

information sufficient to form a belief as to their truth and on that basis denies them, and Groupon denies that it violates trademark laws with respect to "Groupion" in any way.

39. Groupon neither admits nor denies the averments contained in Paragraph 39 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them.

40. Groupon denies the averments contained in Paragraph 40 of the FAC.

41. Groupon neither admits nor denies the averments contained in Paragraph 41 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them

42. Groupon neither admits nor denies the averments contained in Paragraph 42 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

43. Groupon neither admits nor denies the averments contained in Paragraph 43 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to their truth and on that basis denies, except that Groupon specifically denies that its services are substantially similar to Plaintiff's.

44. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the FAC and on that basis denies them, except that Groupon specifically denies that any of its actions cause deception or confusion between Groupon and Plaintiff.

45. Groupon denies the averments contained in Paragraph 45 of the FAC.

46. Groupon denies the averments contained in Paragraph 46 of the FAC.

47. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 47 of the FAC and on that basis denies them, except Groupon specifically denies that "Groupion" is a well-known or famous brand.

48. Groupon denies the averments contained in Paragraph 48 of the FAC.

49. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 49 of the FAC and on that basis denies them.

50. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 50 of the FAC and on that basis denies them.

51. Groupon neither admits nor denies the averments contained in Paragraph 51 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief Pertaining To Defendant Groupon and Defendant The Point)**

52. In answering Paragraph 52, Groupon restates and incorporates by reference Paragraphs 1-51 of this Answer to Plaintiff's FAC.

53. Groupon neither admits nor denies the averments contained in Paragraph 53 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon admits that Plaintiff has brought both this lawsuit and a cancellation proceeding in the Trademark Trial and Appeal Board seeking the cancellation of Groupon's registration for the "Groupon" mark, Registration Number 3,685,954.

54. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54 of the FAC and on that basis denies them, except that Groupon admits that it has used the "Groupon" mark and owns the federal registration for the "Groupon" mark for "promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the retail websites of others, and discount information."

55. Groupon denies the averments contained in Paragraph 55 of the FAC, except that Groupon admits that its predecessor-in-interest applied for an obtained a trademark registration for the "Groupon" mark, that Groupon has used the "Groupon" mark in relation to its website coupon offerings since October of 2008.

56. Groupon denies the averments contained in Paragraph 56 of the FAC.

57. Groupon denies the averments contained in Paragraph 57 of the FAC.

58. Groupon neither admits nor denies the averments contained in Paragraph 58 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon admits that its registration for the "Groupon" mark issued on September 22, 2009.

59. Groupon neither admits nor denies the averments contained in Paragraph 59 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies them.

60. Groupon neither admits nor denies the averments contained in Paragraph 60 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies them, except that Groupon explicitly denies that there is a likelihood of confusion between its mark and Plaintiff's mark.

61. Groupon neither admits nor denies the averments contained in Paragraph 61 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them.

62. Groupon denies the averments contained in Paragraph 62.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement [15 U.S.C. § 1114] Against All Defendants)**

63. In answering Paragraph 63, Groupon restates and incorporates by reference Paragraphs 1-51 of this Answer to Plaintiff's FAC.

64. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 64 of the FAC and on that basis denies them.

65. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 65 of the FAC and on that basis denies them.

66. Groupon denies the averments contained in Paragraph 66.

67. Groupon denies the averments contained in Paragraph 67.

68. Groupon denies the averments contained in Paragraph 68.

69. Groupon denies the averments contained in Paragraph 69.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Against All Defendants)

70. In answering Paragraph 70, Groupon restates and incorporates by references Paragraphs 1-69 of this Answer to Plaintiff's FAC.

71. Groupon denies the averments contained in Paragraph 71.

72. Groupon denies the averments contained in Paragraph 72.

73. Groupon denies the averments contained in Paragraph 73.

74. Groupon denies the averments contained in Paragraph 74.

75. Any allegations in the FAC not expressly admitted herein are denied.

## ON PLAINTIFF'S PRAYER FOR RELEIF

A. Groupon denies that Plaintiff is entitled to any relief against it.

B. Groupon denies that Plaintiff is entitled to any relief against it.

C. Groupon denies that Plaintiff is entitled to any relief against it.

D. Groupon denies that Plaintiff is entitled to any relief against it.

E. Groupon denies that Plaintiff is entitled to any relief against it.

F. Groupon denies that Plaintiff is entitled to any relief against it.

G. Groupon denies that Plaintiff is entitled to any relief against it.

H. Groupon denies that Plaintiff is entitled to any relief against it.

I. Groupon denies that Plaintiff is entitled to any relief against it.

J. Groupon denies that Plaintiff is entitled to any relief against it.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Plaintiff's FAC and to each cause of action, claim, and allegation contained therein pertaining to Groupon, Groupon states as follows:

**FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CAUSE OF ACTION**

1. Each purported cause of action in the FAC against Groupon fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE – LACHES**

2. Each purported cause of action in the FAC against Groupon is barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE – WAIVER**

3. Each purported cause of action in the FAC against Groupon is barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE – ESTOPPEL**

4. Each purported cause of action in the FAC against Groupon is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE – ACQUIESCENCE**

5. Each purported cause of action in the FAC against Groupon is barred by the doctrine of acquiescence.

**SIXTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS**

6. Each purported cause of action in the FAC against Groupon is barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE – ABANDONMENT**

7. Each purported cause of action in the FAC against Groupon is barred by the doctrine of abandonment.

**EIGHT AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE**

8. Each purported cause of action in the FAC against Groupon is barred by Plaintiff's failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE – LACK OF LIKELIHOOD OF CONFUSION**

9. Each purported cause of action in the FAC against Groupon is barred by lack of any likelihood of confusion between Plaintiff's and Groupon's marks.

**TENTH AFFIRMATIVE DEFENSE – PRIORITY OF USE**

10. Each purported cause of action in the FAC against Groupon is barred by Groupon's priority in the "Groupon" mark.

**ELEVENTH AFFIRMATIVE DEFENSE – ACTS OF ANOTHER**

11. Each purported cause of action in the FAC against Groupon is barred because any alleged harm to Plaintiff was caused by the independent or intervening acts of another.

WHEREFORE, Groupon prays for judgment on the FAC as follows:

1. That Plaintiff take nothing by its FAC;
2. That the FAC be dismissed with prejudice;
3. That judgment be entered for Groupon;
4. For costs of suit, including reasonable attorneys' fees; and
5. For such other and further relief as this Court may deem just and proper.

Dated:   April 21, 2011                     FENWICK & WEST LLP


                                            By:   */s/ Jedediah Wakefield*
                                                  Jedediah Wakefield

                                            Attorneys for Defendant
                                            GROUPON, INC.

## DEMAND FOR JURY TRIAL

Defendant Groupon, Inc., for itself and as successor-in-interest to the entity sued as The Point, hereby demands a jury trial on all issues so triable.

Dated: April 21, 2011              FENWICK & WEST LLP

By: _*/s/ Jedediah Wakefield*_
        Jedediah Wakefield

Attorneys for Defendant
GROUPON, INC.