JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
        csargent@computerlaw.com

Attorneys for Plaintiff
GROUPION, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROUPION, LLC a California limited liability company,<br><br>          Plaintiffs,<br><br>   vs.<br><br>GROUPON, INC., a Delaware corporation,<br>THE POINT, INC., a Delaware corporation, and,<br>GOOGLE, INC., a Delaware corporation,<br><br>      Defendants. | Case No.  3:2011-cv-00870-JSW<br><br>**PLANTIFF GROUPION, LLC'S OPPOSITION TO DEFENDANT GROUPON, INC.'S OBJECTION TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR PRELIMINARY INJUNCTION**<br><br>Before:     The Hon. Jeffrey S. White<br>Date filed:   September 14, 2011 |

Computerlaw
Group LLP
computerlaw.com℠

Plaintiff's Opp. To Def. Admin. Mot.
For Leave to File Supp. Brief

Case No.  3:11-cv-00870-JSW

1  **TO:  DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE that Plaintiff Groupion, LLC ("GROUPION") hereby opposes

3  Defendant Groupon, Inc.'s ("GROUPON") Administrative Motion for Leave to File Supplemental

4  Brief in Opposition to Plaintiff's Motion for Summary Judgment and Request for Preliminary

5  Injunction, and submits the following Points and Authorities in support thereof.

6                                        **ARGUMENT**

7  **I.    PLAINTIFF GROUPION PRESENTED NO NEW**
       **ARGUMENTS AND LIMITED ADDITIONAL REPLY  EVIDENCE**

8

9        Under Civil Local Rule 7-3, a "reply may include affidavits or declarations, as well as a supplemental

10  brief or memorandum under Civil L.R. 7-4."   The Ninth Circuit explained the permissible scope of reply

11  briefings in Rule 56 motions in <u>Carmen v. S.F. Unified Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir.

12  2001):

13        The gist of a summary judgment motion is to require the adverse party to show that it
          has a claim or defense, and has evidence sufficient to allow a jury to find in its favor
14        on that claim or defense. The opposition sets it out, <u>and then the movant has a fair</u>
          <u>chance in its reply papers to show why the respondent's evidence fails to establish a</u>
15        <u>genuine issue of material fact (emphasis added).</u>

16        Thus, responsive arguments – in addition to reply affidavits and declarations – are appropriate

17  in reply briefs, as long as they are targeted at giving Plaintiff a "fair chance" to reply to GROUPON's

18  arguments.

19        Here, Plaintiff submitted two <u>terse</u> supplemental declarations to support its Reply brief: <u>First</u>,

20  the declaration of witness Thomas Kuhlenkamp, one of Plaintiff's customers attesting to consumer

21  confusion.  A virtually identical statement by Mr. Kuhlenkamp was previously submitted attached to

22  GROUPION co-founder Peter Haider's Declaration in support of Plaintiff's Motion.  (<u>See</u> Haider

23  Decl., Exh.17).  GROUPON objected to Mr. Kuhlenkamp's original statement not on any substantive

24  basis, but because it was, in GROUPON's words, "unsworn and (inadmissible)…" In response,

25  Plaintiff submitted a *sworn* affidavit by Mr. Kuhlenkamp in its Reply – which, with the exception of

26  a few corrected typos (as the original statement was drafted by Mr. Kuhlenkamp, a non-native

27  English speaker), is identical to the one originally submitted.

28

Computerlaw
Group LLP
computerlaw.com℠

Plaintiff's Opp. To Def. Admin. Mot.
For Leave to File Supp. Brief                1                Case No.  3:11-cv-00870-JSW

1       The <u>second</u> supplemental declaration – by GROUPION co-founder Benjamin Coutu –

2  concerned two limited subjects. *First*, it attached as an exhibit the "Groupion Change Log," the

3  technical change log listing each version of the "Groupion" software released chronologically and the

4  changes made thereto.  The Change Log was also attached to GROUPON Counsel Jedediah

5  Wakefield's Declaration (as Exhibit 4) in support of GROUPON's Opposition, so it is not new

6  evidence.

7       The *second* subject of Mr. Coutu's Supplemental Declaration was a statement by Mr. Coutu

8  to impeach GROUPON's misleading statements about its software and related services as shown by

9  Mr. Coutu's review of the numerous <u>published</u> GROUPON software engineering and development

10 employment positions that GROUPON now advertises and attached screen-shots of several job

11 advertisements as illustrative exhibits.  This evidence was in reply to GROUPON's repeated (and

12 misleading) assertions that it does not develop or market software.  (<u>See</u> *e.g.*, Declaration of Nick

13 Cioffi in Support of Defendant Groupon's Opposition ("Cioffi Decl."), Para. 54 ["Groupon does not

14 offer CRM software of any kind…" [and] "we have no plans to offer commercial software…"]).

15 Thus, this limited additional evidence was relevant and limited to GROUPON's Opposition

16 arguments.

17      In summary, the *additional* evidence submitted by Plaintiff in its reply was (1) a declaration

18 (by Mr. Kuhlenkamp) under oath that is substantively identical to his previously submitted statement;

19 (2) the "Change Log" (as an exhibit) already contained in GROUPON counsel's previous declaration;

20 and, (3) <u>published</u> GROUPON job advertisements, which impeach GROUPON's Opposition.  This

21 type of reply brief evidence is unambiguously authorized under case law and the Federal Rules of

22 Civil Procedure (and Civil Local Rules) and obviously justifies no supplemental briefing.

23 **II.    <u>PLAINTIFF HAS NO GROUNDS FOR SUPPLEMENTAL BRIEFING</u>**

24      On September 13, 2011, Plaintiff counsel Jack Russo received notice that GROUPON

25 requested a stipulation to file supplemental briefing.  For the reasons above, Plaintiff counsel

26 declined to stipulate by explaining that "Groupion did not submit any new evidence or arguments in

27 its brief – it replied specifically to the arguments made by Groupon and provided two short

28 supporting declarations.  Under these circumstances, no additional briefing is required (or even

Computerlaw
Group LLP
computerlaw.com℠

Plaintiff's Opp. To Def. Admin. Mot.
For Leave to File Supp. Brief                2                Case No.  3:11-cv-00870-JSW

1    allowed) under the Federal Rules of Civil Procedure or Civil Local Rules."   (<u>See</u>, Declaration of Jack

2    Russo in Support of Opposition to GROUPON's Admin. Motion to File Supp. Brief).

3         GROUPON's subsequent characterization of Plaintiff's Reply as "sandbagging"[1] is entirely

4    unfounded for at least three reasons.  <u>First</u>, as noted, two short supplemental declarations responding

5    to specific points in GROUPON's Opposition do not constitute "sandbagging" nor do they provide

6    grounds for supplemental briefing under the applicable law or common sense. <u>Second</u>, Reply

7    declarations are allowed under statutory and case law and are clearly a permissible way to present

8    reply arguments.  <u>Third</u>, Plaintiff's reply arguments are not *new* – they were all either originally

9    discussed in Plaintiff's Motion (and appropriately revived) or made in response to GROUPON's

10   arguments; indeed, all *three* of Plaintiff's reply arguments complained of by GROUPON were

11   responsive to GROUPON'S Opposition, as shown in the following.

12       **A.**     <u>**Trademark Priority Is Established By Public Trademark Registration Records.**</u>

13         GROUPON complains that Plaintiff's argument regarding trademark priority under Sec. 44 of

14   the Lanham Act is "new" (<u>See</u> Admin. Motion to File Supp. Brief, 2:24 – 3:5).  This is clearly

15   incorrect – Plaintiff's original Motion specifically referenced and discussed its Section 44  trademark

16   priority and made the same argument in its original Motion (<u>See</u>, *e.g.,* Plaintiff's Motion for

17   Summary Judgment, 19:28-20:4: "Any superficial research on GROUP*ON **should** and **would** have

18   revealed that there was already an Internet-driven business using this brand-name and a trademark

19   registration in the European Union which has priority under settled U.S. Treaty Law under Section

20   44(d) of the Lanham Act").   The Reply simply impeaches Groupon's Opposition.

21       **B.**     <u>**Software By Groupon Has Always Been The Issue.**</u>

22         GROUPON argues that Plaintiff offered "new" evidence regarding GROUPON's current

23   attempts to expand its trademark coverage (specifically, "Groupon Now") into *software*.  (See,

24   Admin. Motion to File Supp. Brief, 3:6-15).  To the contrary, Plaintiff's argument regarding

25   "Groupon Now" responds to the Declaration of Nick Cioffi (GROUPON V.P. of Global Operations)

26

27

28

---

[1]   <u>See</u> GROUPON's Admin. Motion to File Supp. Brief, 2:5.

Plaintiff's Opp. To Def. Admin. Mot.
For Leave to File Supp. Brief                3                Case No.  3:11-cv-00870-JSW

1   where he specifically references and describes the "Groupon Now" service,[2] and concomitantly

2   asserts that "Groupon has never offered marketing campaign software of any kind…"[3]   It is clearly

3   appropriate and responsive to Mr. Cioffi's declaration to point out that GROUPON has "recently

4   amended its [Groupon Now] trademark application claims to specifically include **'software' goods**

5   **designed to 'arrange' online sales and advertising campaign for other companies."**   (See,

6   Plaintiff's Reply Brief, 12:7-11).

7        **C.     Groupon Is Impeached By Its Own Public Statements.**

8        GROUPON attempts to characterize Plaintiff's evidence of GROUPON's current recruitment

9   of software engineers and developers as a "new" argument.  (See, Admin. Motion to File Supp. Brief,

10   3:16-22).  Again, Plaintiff's argument was and is made in response to the *same* dubious and repeated

11   Opposition arguments by GROUPON (and in Mr. Cioffi's declaration) that GROUPON has "no

12   plans to offer commercial software…"[4], which is contradicted by GROUPON's aggressive recruiting

13   of software engineers and developers.  Thus, Plaintiff's argument – and specific impeachment

14   evidence – is entirely suitable under statutory and case law in responding to such arguments.

15        **CONCLUSION**

16        GROUPON's Administrative Motion for Leave to File Supplemental Briefing is a readily-

17   apparent attempt to "get the last word."   If GROUPON had its way, briefing on this Motion could

18   and would continue *ad infinitum*.  Plaintiff has submitted no new arguments and only limited

19   impeachment evidence specifically addressed to GROUPON's Opposition arguments.  In these

20   circumstances, **no** new briefing is allowed (nor should it be allowed).  Accordingly, Plaintiff

21   respectfully submits that GROUPON's motion for supplemental briefing should be DENIED.

22   Dated: September 14, 2011

     Respectfully submitted,
     COMPUTERLAW GROUP LLP

23        By:     /s/  Jack Russo

24        Jack Russo
          Attorney for Plaintiff GROUPION LLC

25

26

27   _____
     [2]   See Cioffi Decl., Para 29.
     [3]   See GROUPON's Opposition to Motion for Summary Judgment, 11:9.
28   [4]   See Cioffi Decl., Para 54.

Computerlaw
Group LLP
computerlaw.com℠

Plaintiff's Opp. To Def. Admin. Mot.
For Leave to File Supp. Brief          4          Case No.  3:11-cv-00870-JSW