IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VELASQUEZ,

    Plaintiff,

v.

PATRICK R DONAHOE, et al.,

    Defendants.

No. C 11-00780 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Now before the Court is the motion to dismiss filed by defendants Patrick R. Donahoe, Maria Culloty, and the United States Postal Service ("Postal Service") (collectively, "Defendants"). This motion is fully briefed and is ripe for decision. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for decision without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 2, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby grants Defendants' motion.

**BACKGROUND**

Plaintiff Rodolfo Velasquez ("Plaintiff") filed this action challenging the decision issued in the arbitration of his employment dispute with Defendants. After Plaintiff's position with the Postal Service was terminated, the American Postal Workers Union (the "Union") filed a grievance on his behalf. The arbitrator therefore denied the grievance, and Plaintiff alleges that the arbitrator issued the wrong decision. (First Amended Compl. ("FAC"), ¶ 16.) He contends

1  that the grievance procedures do not specify which party, the Union or the Postal Service, was
2  obligated to schedule a meeting. (*Id.*, ¶ 27.) Plaintiff seeks to have the Court order another
3  arbitration to hear the merits of his grievance with a different arbitrator. (*Id.* at p. 9.)

4  The Court dismissed Plaintiff's complaint based on his failure to allege a breach of the
5  duty of fair representation or otherwise allege facts to show that the integrity of the arbitration
6  process had been impugned. The Court provided Plaintiff with leave to amend. Defendants
7  now move to dismiss Plaintiff's FAC.

## ANALYSIS

Section 301 of the Labor and Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), "authorizes suits between employers and labor organizations for contract violations." *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1447 (9th Cir. 1994).[1] An individual employee cannot challenge an arbitration proceeding to which the Union and the employer were the sole parties, unless he alleges a breach of the duty of fair representation, fraud or deceit. *Andrus v. Convoy Co.*, 480 F.2d 604, 606 (9th Cir. 1973) ("employees cannot attack the final [arbitration] award, except on the grounds of fraud, deceit or breach of the duty of fair representation or unless the grievance procedure was a sham, substantially inadequate or substantially unavailable.") (internal quotations and citation omitted); *see also Ramirez-Lebron v. International Shipping Agency, Inc.*, 593 F.3d 124, 131 (1st Cir. 2010) ("courts have not allowed employees to challenge the underlying merits of arbitration awards by way of Section 301 *absent circumstances that have impugned the integrity of the arbitration process,* for instance, 'fraud, deceit, or breach of the duty of fair representation or unless the grievance procedure was a 'sham, substantially inadequate or substantially unavailable.'") (emphasis in original) (quoting *Harris v. Chem. Leaman Tank Lines, Inc.*, 437 F.2d 167, 171 (5th Cir. 1971)).

---

[1] 39 U.S.C. § 1208(b) provides federal courts with jurisdiction over "suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees...." Courts have held that this statute is analogous to Section 301 of the LMRA and, therefore, have held that the law governing Section 301 is applicable to actions brought under 39 U.S.C. § 1208(b). *See Miller v. United States Postal Service*, 561 F.2d 1348, 1329 (9th Cir. 1977); *see also Bacashihua v. United States Postal Service*, 859 F.2d 402, 405 (9th Cir. 1988); *McNair v. United States Postal Service*, 768 F.2d 730, 735 (5th Cir. 1985).

2

Despite the Court's direction to allege facts in good faith that the Union breached the duty of fair representation or that the integrity of the arbitration process had otherwise been impugned, Plaintiff has not done so. Although he inserted the word "misrepresentation" in his FAC, it is clear that Plaintiff is not actually alleging that the arbitration decision was procured by fraud. He alleges that "[a] misrepresentation happened when the paid by the Postal Service Arbitrator Mr. Altimus concluded that the APWU failed to follow up the union's procedure." (FAC, ¶ 36.) Plaintiff does not allege that anyone made any misrepresentation, but rather, that he disagrees with the arbitrator's decision.

Plaintiff also alleges that "[t]he present situation forced Plaintiff to charge APWU with misrepresentation charge against it. The Court should decide if in fact was misrepresentation issues involved in this case by APWU ...." (FAC, ¶ 40.) Plaintiff does not allege any facts, if true, show that APWU actually made a misrepresentation to him and does not appear to believe that the Union did breach the duty of fair representation. In fact, Plaintiff argues in opposition to Defendants' motion to dismiss that "there aren't any violations committed by APWU on the grievance procedures." (Opp. at 2.) In the absence of such facts, Plaintiff lacks standing to attack the arbitrator's decision and, thus, GRANTS Defendants' motion to dismiss. Moreover, because leave to amend would be futile, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: November 29, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RODOLFO VALASQUEZ,

Plaintiff,

v.

PATRICK R DONAHOE et al,

Defendant.

Case Number: CV11-00780 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodolfo Velasquez
426 Idora Avenue
Vallejo, CA 94591

Dated: November 29, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk