**Fenwick & West LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL: 415.875.2300   FAX: 415.281.1350   WWW.FENWICK.COM

December 15, 2011

The Honorable Jeffery S. White
United States District Court Judge
Northern District of California
450 Golden Gate Ave., Courtroom 11, 19th Floor
San Francisco, CA  94102

      Re:    *Groupion, LLC v. Groupon, Inc. et al.*, Case No, 3:11-cv-00870-JSW (N.D. Cal.)
               Joint Letter Regarding Dispute as to Deposition Discovery

Dear Judge White:

      Pursuant to Paragraph 7 of this Court's Civil Standing Orders, the parties hereby jointly submit this letter brief summarizing a dispute regarding depositions. Counsel have met and conferred both by phone and in person but have been unable to do resolve this dispute.

## **Defendant Groupon Inc.'s Position**

      This letter is made necessary by Plaintiff's insistence on taking harassing depositions of Groupon's CEO, Andrew Mason, its Executive Chairman, Eric Lefkofsky, and four Senior Vice Presidents—much of Groupon's senior management. Plaintiff noticed these depositions the same day it unilaterally noticed a legally unavailable *second* 30(b)(6) deposition of Groupon. Groupon hereby moves pursuant to Fed. R. Civ. P. 26 for a protective order.[1] This is a simple trademark case where the parties' respective marks, goods and services, and advertising are all readily apparent to the public and established in the record of this case. "Apex" officer depositions of the CEO, Chairman, and Senior VPs of a 10,000 person corporation are hardly warranted in such a context and should not be permitted.

**1.**    **Apex Depositions**: It is well-established that a protective order barring or limiting the deposition of a party's "apex" officers or directors is warranted unless the party seeking the deposition demonstrates that (i) the officer or director has "unique personal knowledge" relevant to the case, and (ii) there are no other less intrusive means of discovery available, including written discovery and depositions of other employees. *See, e.g., Affinity Labs of Texas v. Apple Inc.*, 2011 U.S. Dist. LEXIS 53649, at *43-*44 (N.D. Cal. May 9, 2011). Courts also routinely protect senior management from depositions where they lack unique knowledge and the discovery could be obtained in other ways. *Id*.; *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (denying deposition of VP).

      In the context of apex officers and directors, it is *Plaintiff's* burden to show that the deposition is warranted under these factors. *Affinity Labs of Texas*, 2011 U.S. Dist. LEXIS 53649, at *43-*44.

---

[1] Plaintiff now takes the position that Groupon is subject to sanctions for not producing the witnesses on the dates they were noticed without first moving for a protective order. However, after Groupon served a proposed letter brief on Plaintiff, the parties repeatedly confirmed that Plaintiff had voluntarily taken the depositions off calendar. Indeed, Plaintiff confirmed this in a letter signed by Mr. Russo, stating "Groupion has acted to save the added expense and attorney's fees and temporarily delayed the depositions pending the Court's order." Plaintiff now apparently seeks to renege on this agreement. Groupon also disputes Plaintiff's assertion that Groupon has employed "delay tactics." It also took six months for Plaintiff to produce its 30(b)(6) witness, taken the same week at Groupon's 30(b)(6) witness.

The Honorable Jeffery S. White
December 15, 2011                                                                                                    Page 2

Plaintiff cannot meet its burden. Plaintiff has failed to identify any relevant facts uniquely in the possession of either of either Mr. Mason or Mr. Lefkofsky—essentially contending that because they have ultimate authority over certain issues they should be deposed. But that is of course true of all apex officers and is one of the very reasons that courts routinely preclude their depositions. Beyond this, Plaintiff points only at the fact that both Mr. Mason and Mr. Lefkofsky were part of a small company when Groupon first adopted and sought legal protection for its mark. But Groupon has identified numerous other witnesses who were there at the time, including Groupon's 30(b)(6) witness, Nick Cioffi—a founding member of Groupon, and current Vice President of Sales and Operation Strategy. *See* Dkt. 51, Cioffi Decl. ¶ 1. Moreover, while Mr. Lefkfosky was a member of the board, he has never been involved in the day to day operations of Groupon. His knowledge of Groupon's early history is both duplicative and far less extensive than that of Mr. Cioffi and other Groupon witnesses. This lack of unique knowledge, alone, is grounds to deny these depositions. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, at *10-*14 (N.D. Cal. Jan. 25, 2007).[2]

The same is true of the Senior VPs, none of whom have unique, relevant knowledge. Each has a significant number of reports from whom any relevant knowledge could easily be obtained. Moreover, Plaintiff has identified the Senior Vice Presidents of both Engineering and Operations who would have essentially no unique information related to a trademark claim—this is not a patent case. Moreover, none of the issues Plaintiff identifies from Mr. Cioffi's deposition are (i) material to this case, (ii) actually covered by the 30(b)(6) notice (Ex. 1), or (iii) matters for which Plaintiff has shown these apex officers have unique knowledge.

Plaintiff also cannot make the second required showing, that it has engaged in less burdensome methods of discovery as it relates to the proposed deponents. Notably, Plaintiff has not issued a single interrogatory targeted at the information it now contends might be unique to these witnesses. If Plaintiff were actually interested in probing their knowledge on any topics, this is the first step—not unilaterally noticing the depositions of Groupon's senior executives. This failure makes clear the true purpose of these depositions—harassment—and further warrants the granting of a protective order, as does their refusal of Groupon's comprise proposal of taking the deposition of Groupon's Senior VP of Marketing, who would be designated further as a 30(b)(6) witness on plans for expansion.

**2.     Second 30(b)(6)**: Finally, Plaintiff has failed to seek leave to take a second 30(b)(6) deposition of Groupon, and leave should be denied. *State Farm v. New Horizon, Inc.*, 254 F.R.D. 227, 234-35 (E.D.Pa.2008) (policy in Rule 30(a)(2)(A)(ii) against permitting second deposition "is equally applicable to depositions of individuals and organizations."); *Blackwell v. City & County of San Francisco*, 2010 WL 2608330 (N.D. Cal. 2010). Plaintiff served 30(b)(6) notice identifying 8 topics, and Groupon produced Mr. Cioffi in San Francisco as its 30(b)(6) deposition for over six and half hours exclusive of breaks. Plaintiff now improperly seeks a second 30(b)(6) on the original 8 topics *and 22 new topics*. Ex. 2. The burden presented by this second deposition is wholly disproportionate and not justified by the straightforward issues in this case.

## Plaintiff Groupion's Position

This letter brief follows months of fruitless effort by Plaintiff Groupion to complete essential discovery, specifically Groupon's <u>unilateral</u> <u>refusal</u> to produce seven (7) properly-noticed deponents between December 8-14, 2011 (including CEO Andrew Mason—whom Groupon counsel specifically

---

[2] Although Groupon *tentatively* identified dates when Mr. Mason might be available for deposition, it also expressly advised Plaintiff that it expected Plaintiff to identify its basis for demanding his deposition, including identifying what unique, relevant information he possessed. As Plaintiff has failed to do so, Groupon now seeks this protective order.

The Honorable Jeffery S. White
December 15, 2011                                                                                                    Page 3

confirmed several times would appear for deposition, then reneged on such promises).[3] Groupion has taken only *one* deposition in this case (Groupon VP of Operations Nick Cioffi) that lasted *less than* seven hours. Groupion respectfully requests that the Court order Groupon to comply with Groupion's legitimate deposition notices immediately.

      **1.**     **Deposition of CEO Andrew Mason:**  Groupon's discovery responses and public documents prove that Mr. Mason was intimately involved in the formation of Groupon and virtually *every* aspect of selecting and implementing Groupon's trademark and domain name, early searching for trademark and/or domain name conflicts, and acquiring assignment of third-party trademarks.  Mr. Cioffi was completely unprepared to address most of the pivotal issues in which Mr. Mason was and is intimately involved (and is clearly unable to testify in Mr. Mason's place, whom Mr. Cioffi *had never even spoken to* about this lawsuit).

      Courts have firmly held that depositions of CEOs (and other high-level executives) are *not* to be limited simply because they are "too busy": "…[W]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition … Moreover, the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *WebSideStory, Inc. v. NetRatings, Inc.,* 2007 U.S. Dist. LEXIS 20481, *7-8 (S.D. Cal. 2007).

      Furthermore, Groupon counsel's obstructionist conduct is exacerbated by **Groupon counsel's very own previous confirmations** of Mr. Mason's deposition—on November 14, 2011, Groupon counsel wrote: "[CEO] Andrew Mason can be made available on December 15. Can you please confirm your availability ASAP?"  In fact, Groupon counsel's promises to produce Mr. Mason go back nearly four months to August 2011, when Groupon counsel wrote: "We would propose that we produce Andrew Mason on the 14th or 15th [of September] here in SF (we need to confirm the specific date and time after hearing from you as to your availability)[.]" Aggravating these confirmed—then repudiated—scheduling promises to produce Mr. Mason, Groupon counsel has also one-sidedly refused to produce *any* of the three properly-noticed witnesses for December 12, 13 and 14, **without filing for a protective order** as required by law or getting Plaintiff's agreement to take them off-calendar, which is a blatant violation of the Federal Rules and clearly warrants sanctions.

      **2.**     **Groupon's Sole Deponent Lacked Knowledge Regarding Pivotal Issues:**

      <u>First</u>**,** Mr. Cioffi testified that Groupon does not offer, and has no plans to offer, CRM software—a key issue in this case.[4]  However, Mr. Cioffi—who is **not** an expert in CRM software, has never developed a CRM system, has not worked in this area in his day-to-day job and has never written any software—failed to even *discuss* this issue with CEO Andrew Mason, SVP of Engineering Brian Totty, SVP of Product Development Jeffrey Holden, *any* of the engineering or product development employees, his immediately supervisor Hoyoung Pak, co-founder Erik Lefkofsky, or a member of the board of directors. (Cioffi Deposition, 86:22-87:10; 111:21-113:1). Mr. Cioffi cited virtually no first-hand information to support his testimony.

      <u>Second</u>, Mr. Cioffi had no knowledge whatsoever as to whether any domestic or international searching was conducted by Groupon in 2008 regarding potential trademark or domain-name conflicts with the mark "Groupon", and he interviewed no one and he had no idea whether any law firm was

---

[3]  Groupon counsel falsely accuses Plaintiff of attempting "eleventh-hour" depositions; the Notices of Deposition were hand served on November 21, 2011 (a full month before fact discovery cut-off), and were met with constant delay tactics.  Indeed, the original F. R. Civ. Proc. 30(b)(6) deposition notice was served <u>May 31, 2011</u>, and it took nearly six months of Plaintiff's effort to finally depose Mr. Cioffi.
[4]  Attached are cited excerpts of the F. R. Civ. Proc. 30(b)(6), November 17, 2011, Cioffi Deposition.

The Honorable Jeffery S. White
December 15, 2011                                                                                                          Page 4

retained to conduct searching or whether any attorney communicated with the U.S.P.T.O. on this issue. (Cioffi Deposition, 30:20-31:13; 60:11-61:13; 75:10-19).

>    Third, Mr. Cioffi did not know the identity of or the substance of any communications with the original owner of "www.groupon.com" (Mr. Dan Winchester) and did not interview anyone regarding the negotiation and acquisition of the "www.groupon.com" domain name.  (Cioffi Deposition, 61:19-62:18).

>    Fourth, Mr. Cioffi had virtually no knowledge of the Groupon IPhone application for merchant-customers and did not know when it was first offered to the public; when asked who was "in charge" of the merchant services team (responsible for merchant applications), Mr. Cioffi simply responded: "I don't know." (Cioffi Deposition, 83:2-13).  Nor did Mr. Cioffi know the substance of Groupon's Ethics Policy or whether he or CEO Mason signed the Ethics Policy. (Cioffi Deposition, 237:12-238:17). Revealingly, Mr. Cioffi also admitted that he had never even seen Mr. Coutu's and Mr. Haider's declarations prior to executing his own lengthy declaration in opposition to these very same declarations.  (Cioffi Deposition, 188:8-189-16).

>    In sum, Mr. Cioffi was totally unprepared to address many (if not most) pivotal issues in the case and wholly unable to testify as to issues within CEO Mason's knowledge.  Given the failure of Defendant to produce witnesses within the discovery cut-off dates, Groupon must be barred from calling those witnesses at trial unless it produces those witnesses next week for depositions that should have occurred this week.[5]

Dated: December 15, 2011                              FENWICK & WEST LLP

                                                      By: */s/ Jedediah Wakefield*
                                                          Jedediah Wakefield
                                                          Attorneys for Defendants
                                                          Groupon, Inc. and The Point, Inc.

Dated: December 15, 2011                              COMPUTERLAW GROUP LLP

                                                      By: */s/ Jack Russo*
                                                          Jack Russo
                                                          Attorneys for Plaintiff Groupion, LLC


### ATTORNEY ATTESTATION

>    Pursuant to General Order 45, I hereby attest that concurrence in the filing of this document has been obtained from the signatory indicated by a 'conformed' signature (/s/) within this e-filed document.

                                                      */s/ Jedediah Wakefield*
                                                      Jedediah Wakefield

---

[5] See *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (District Court has broad discretion in discovery matters to exclude testimony of expert and non-expert witnesses whose use at trial would be in bad faith or would unfairly prejudice an opposing party.).