| | |
|---|---|
| JACK RUSSO (CSB No. 96068) | JEDEDIAH WAKEFIELD (CSB No. 178058) |
| jrusso@computerlaw.com | jwakefield@fenwick.com |
| CHRISTOPHER SARGENT (CSB No. 246285) | CLIFFORD C. WEBB (CSB No. 260885) |
| csargent@computerlaw.com | cwebb@fenwick.com |
| COMPUTERLAW GROUP LLC | FENWICK & WEST LLP |
| 401 Florence Street | 555 California Street, 12th Floor |
| Palo Alto, CA 94301 | San Francisco, CA 94104 |
| Telephone: 650.327.9800 | Telephone: 415.875.2300 |
| Facsimile: 650.618.1863 | Facsimile: 415.281.1350 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| GROUPION, LLC | GROUPON, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROUPION, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation, THE POINT, INC., a Delaware corporation, and GOOGLE, INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:11-cv-00870-JSW (MEJ)<br><br>**JOINT LETTER BRIEF REGARDING DEPOSITION DISCOVERY DISPUTE**<br><br>Judge: The Honorable Maria-Elena James |

The undersigned counsel hereby attest that they met and conferred on multiple occasions, both in person and by telephone regarding the disputes in the attached letter.

Dated: January 17, 2012

| | |
|---|---|
| COMPUTERLAW GROUP LLP | FENWICK & WEST LLP |
| | |
| *By: /s/ Jack Russo* | *By: /s/ Jedediah Wakefield* |
| Jack Russo | Jedediah Wakefield |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| GROUPION, LLC | GROUPON, INC. |

## STATEMENT OF UNRESOLVED DISPUTE AND BACKGROUND

This is a trademark infringement case brought by Plaintiff Groupion, LLC, a provider of corporate groupware and customer relationship management software, against Groupon, Inc., the "deal-of-the-day" website. The parties dispute whether Plaintiff should be permitted to take the depositions of Defendant's CEO, Chairman, and four Senior Vice Presidents, which Defendant contends are "apex" depositions that cannot be taken unless Plaintiff establishes that the information sought is uniquely in their possession and unavailable through other means. The parties further dispute whether Plaintiff is entitled to a second 30(b)(6) deposition of Defendant on new topics, where Plaintiff has completed approximately 7 (seven) hours of the deposition of Groupon's 30(b)(6) deponent.

## DEFENDANT GROUPON, INC.'S POSITION

This letter is made necessary by Plaintiff's insistence on (1) taking harassing depositions of Groupon's CEO, Andrew Mason; its Executive Chairman, Eric Lefkofsky; and four Senior Vice Presidents—much of Groupon's senior management, and (2) taking a legally unavailable *second* 30(b)(6) deposition of Groupon. This is a simple trademark case where the differences in the parties' respective marks, goods and services, customers, channels of trade, and advertising are all readily apparent to the public and established in the record of this case. The Court recognized as much in denying Plaintiff's motion for preliminary injunction, finding that there were not even "serious questions going to the merits" and that none of the eight *Sleekcraft* factors employed by the Ninth Circuit to assess likelihood of confusion favored Plaintiff. *See* Dkt. 74.[1] "Apex" officer depositions of the CEO, Chairman, and Senior VPs of a 10,000 person publicly-traded corporation are hardly warranted in such a context and should not be permitted.[2]

**1.     Apex Depositions**: It is well-established that a protective order barring or limiting the deposition of a party's "apex" officers or directors is warranted unless the party seeking the deposition demonstrates that (i) the officer or director has "unique personal knowledge" relevant to the case, and (ii) there are no other less intrusive means of discovery available, including written discovery and depositions of other employees. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 U.S. Dist. LEXIS 85608, at *18 (N.D. Cal. Aug. 1, 2011); *Affinity Labs of Texas v. Apple Inc.*, 2011 U.S. Dist. LEXIS 53649, at *43-*44 (N.D. Cal. May 9, 2011). Courts also routinely protect senior management from depositions where they lack unique knowledge and the discovery could be obtained in other ways. *Id.*; *Baine v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (denying deposition of VP).

In the context of apex officers and directors, it is *Plaintiff's* burden to show that the deposition is warranted under these factors. *See Affinity Labs of Texas*, 2011 U.S. Dist. LEXIS 53649, at *43-*44 ("[h]ere, Affinity cannot meet its burden to show that Mr. Jobs has 'unique'

---

[1] Among other things, Judge White observed that the parties' marks are "dissimilar" (*Id*. at 4:7-8); the parties' goods and services are "not related" (Dkt 74 at 8:6-7); there was no evidence of bad faith intent by Groupon (*Id*. at 8: 2-20); and none of Plaintiff's supposed "confusion" evidence actually demonstrated relevant confusion as to source (*Id*. at 9:1-4). Groupon has moved for summary judgment on all of Plaintiff's claims. Dkt. 83.

[2] Groupon disputes Plaintiff's assertion that Groupon has employed "delay tactics." It also took six months for Plaintiff to produce its 30(b)(6) witness, taken the same week at Groupon's 30(b)(6) witness.

and 'non-repetitive' knowledge regarding any relevant topic that is not available through less burdensome means."); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 U.S. Dist. LEXIS 85608, at *18. Plaintiff cannot meet its burden. Plaintiff has failed to identify any relevant facts uniquely in the possession of either Mr. Mason or Mr. Lefkofsky—essentially contending that because they have ultimate authority over certain issues they should be deposed. But that is of course true of all apex officers and is one of the very reasons that courts routinely preclude their depositions. Beyond this, Plaintiff points only at the fact that both Mr. Mason and Mr. Lefkofsky were part of a small company when Groupon first adopted and sought legal protection for its mark. But Groupon has identified numerous other witnesses who were there at the time, including Groupon's 30(b)(6) witness, Nick Cioffi—a founding member of Groupon, and current Vice President of Sales and Operation Strategy. *See* Dkt. 51, Cioffi Decl. ¶ 1. Other than Mr. Cioffi, Plaintiff declined to depose any of the witnesses identified in Groupon's initial disclosures. Moreover, while Mr. Lefkofsky was a member of the board, he has never been involved in the day-to-day operations of Groupon. His knowledge of Groupon's early history is both duplicative and far less extensive than that of Mr. Cioffi and other Groupon witnesses. This lack of unique knowledge, alone, is grounds to deny these depositions. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 8295, at *10-*14 (N.D. Cal. Jan. 25, 2007).[3]

The same is true of the Senior VPs, none of whom have unique, relevant knowledge. Each has a significant number of reports from whom relevant knowledge could easily have been obtained. Moreover, Plaintiff has identified the Senior Vice Presidents of both Engineering and Operations who would have essentially no unique information related to a trademark claim—this is a case about trademarks, not a patent case.

Regardless, none of what Plaintiff identifies below as "pivotal issues" from Mr. Cioffi's deposition to support its need for these apex depositions are (i) material to this case, (ii) actually covered by the 30(b)(6) notice served on Groupon (Ex. 1), or (iii) matters for which Plaintiff has shown these apex employees have unique knowledge. As to Plaintiff's first issue, Groupon's alleged plans to offer customer relationship management ("CRM") software, Groupon has repeatedly explained that it has none—both in its 30(b)(6) deposition and in Mr. Cioffi's declaration, and as evidenced in documents it has produced. *See* Dkt. 51 ¶ 54. Mr. Cioffi as a vice president and founding member of Groupon would be aware of such plans if they existed—which they do not. Moreover, that he did not interview particular employees at Groupon about this, in addition to being unnecessary, is not surprising as *Plaintiff did not identify Groupon's plans* as a 30(b)(6) topic. *See* Ex. 1. That Plaintiff does not like the answer it got from Mr. Cioffi does not prove that Groupon's senior management has unique knowledge on this subject.

The same is true for the remainder of Plaintiff's issues: none were noticed 30(b)(6) topics (*see id.*), nor has Plaintiff made any showing at all that Groupon's senior management possess unique and non-duplicative knowledge on these subjects. But even beyond this, all of the topics

---

[3] Although Groupon *tentatively* identified dates when Mr. Mason could be available, it also advised Plaintiff that it expected Plaintiff to identify its basis for demanding his deposition, including identifying what unique, relevant information he possessed. Plaintiff's counsel acknowledged the *tentative* nature of the suggested dates for Mr. Mason's deposition on October 26, 2011, stating: "please provide a tentative date for Mr. Mason's deposition (if needed) in early December." As Plaintiff has failed to identify a justification or need for Mr. Mason's deposition, and Mr. Mason's schedule has grown only more constrained, Groupon now seeks a protective order.

identified are either privileged, irrelevant, or wholly explained by Groupon's other discovery responses in this case and could not warrant the noticed depositions. Plaintiff's second issue, Groupon's trademark searching, is privileged and not subject to any deposition—let alone that of its CEO or Chairman. *See, e.g., Flagstar Bank, FSB v. Freestar Bank, N.A.*, 2009 U.S. Dist. LEXIS 76842, at \*12-\*14 (N.D. Ill. Aug. 25, 2009). Plaintiff's third issue, the details of Groupon's acquisition of the groupon.com domain from Dan Winchester—an uninterested third party—has no relevance here. *Id.* Moreover, Groupon has produced communications showing the contacts it made with Mr. Winchester and the ultimate agreement providing for the purchase of the groupon.com domain. As to Plaintiff's fourth topic, Groupon's iPhone application, again, Groupon has produced substantial documents describing both the application and its development, and the application is free to download. Finally, Plaintiff has failed to explain how its fifth issue—whether Mr. Mason signed an ethics policy—has any relevance in a trademark case.

Plaintiff also cannot make the second required showing to allow an apex deposition to go forward: that it has engaged in less burdensome methods of discovery as it relates to the proposed deponents. Notably, Plaintiff has not issued a single interrogatory targeted at the information it now contends might be unique to these witnesses, nor did Plaintiff notice the depositions of any of Groupon's identified knowledgeable witnesses. If Plaintiff were actually interested in obtaining information on any of its identified topics, this is the first step—not unilaterally noticing the depositions of Groupon's senior executives. This failure makes clear the true purpose of these depositions—harassment—and further warrants the granting of a protective order, as does Plaintiff's refusal of Groupon's comprise proposal of taking the deposition of Groupon's Senior VP of Marketing, who would be designated further as a 30(b)(6) witness on plans for expansion.

**2.    Second 30(b)(6)**: Finally, Plaintiff has failed to seek leave to take a second 30(b)(6) deposition of Groupon, and leave should be denied. *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 254 F.R.D. 227, 234-35 (E.D. Pa. 2008) (policy in Rule 30(a)(2)(A)(ii) against permitting second deposition "is equally applicable to depositions of individuals and organizations."); *Blackwell v. City & County of San Francisco*, 2010 WL 2608330 (N.D. Cal. 2010). Plaintiff served 30(b)(6) notice identifying 8 topics, and Groupon produced Mr. Cioffi in San Francisco as its 30(b)(6) deposition for over six and half hours exclusive of breaks. Mr. Cioffi was available to continue testifying that day, but Plaintiff terminated the deposition. Plaintiff now improperly seeks a second 30(b)(6) on the original 8 topics *and 22 new topics*. Ex. 2. The burden presented by this second deposition is wholly disproportionate and not justified by the straightforward issues in this case.

## PLAINTIFF GROUPION, LLC'S POSITION

This letter brief follows months of fruitless effort by Plaintiff Groupion to complete essential discovery, specifically Groupon's <u>unilateral</u> <u>refusal</u> to produce seven (7) properly-noticed deponents between December 8-14, 2011 (including CEO Andrew Mason—whom Groupon counsel *specifically confirmed* several times would appear for deposition, then reneged

on such promises).[4] Groupion has started *one* (still incomplete) deposition in this case (Groupon VP of Operations Nick Cioffi) that lasted *less than* seven hours. Accordingly, Groupion requests that the Court order that Defendant comply with Groupion's deposition notices immediately.

As yet another illustration of Groupon's flagitious course of conduct, Groupon's motivation behind refusing to comply with discovery soon become crystal clear: on <u>December 19, 2011</u> (just days after the original letter brief was filed with Judge Jeffrey White on this same issue), Groupon filed a Motion for Summary Judgment seeking to dismiss all of Groupion's claims and preclude it from pursuing damages (to which Groupion had to respond by January 9, 2012). Groupon and its counsels' misconduct and transgression of its discovery obligations made it literally *impossible* to obtain the facts necessary to properly oppose GROUPON's current Motion for Summary Judgment (and necessitated Groupion filing a Rule 56(d) Motion). A crucial issue on Groupon's Motion is whether Groupon is infringing Groupion's rightful trademark by moving into the areas of CRM and software as a service, which is the identical issue on which Groupion intended (and still intends) to depose Groupon's witnesses. Such "sandbagging" behavior is not permitted nor should it be tolerated and this Court should order:

**1.** **<u>Deposition of CEO Andrew Mason:</u>** Groupon's discovery responses and public documents prove that Mr. Mason was intimately involved in the formation of Groupon and virtually *every* aspect of selecting and implementing Groupon's trademark and domain name, early searching for trademark and/or domain name conflicts, and acquiring assignment of third-party trademarks. Mr. Cioffi was completely unprepared to address most of the pivotal issues in which Mr. Mason was and is intimately involved (and is clearly unable to testify in Mr. Mason's place, whom Mr. Cioffi *had never even spoken to* about this lawsuit).

Courts have firmly held that depositions of CEOs (and other high-level executives) are *not* to be limited simply because they are "too busy": "…[W]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition … Moreover, the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *WebSideStory, Inc. v. NetRatings, Inc.,* 2007 U.S. Dist. LEXIS 20481, *7-8 (S.D. Cal. 2007).

Furthermore, Groupon counsel's obstructionist conduct is exacerbated by **<u>Groupon counsel's very own previous confirmations</u>** of Mr. Mason's deposition—on November 14, 2011, Groupon counsel wrote: "[CEO] Andrew Mason can be made available on December 15. Can you please confirm your availability ASAP?" In fact, Groupon counsel's promises to produce Mr. Mason go back nearly four months to August 2011, when Groupon counsel wrote: "We would propose that we produce Andrew Mason on the 14th or 15th [of September] here in SF (we need to confirm the specific date and time after hearing from you as to your availability)[.]" Aggravating these confirmed—then repudiated—scheduling promises to produce Mr. Mason, Groupon counsel unilaterally refused to produce *any* of the three (3) properly-noticed witnesses for December 12, 13 and 14, **<u>without first obtaining (as they had agreed to do) a protective order</u>** and without even filing for a protective order as required by law, which is a clear violation of the Federal Rules; instead, they unilaterally asserted : no one will be there .

---

[4] The Notices of Deposition were hand-served on November 21, 2011 (a full month before fact discovery cut-off), and were met with constant delaying tactics. Indeed, the original F. R. Civ. Proc. 30(b)(6) deposition notice was served <u>May 31, 2011</u>, and it took nearly six months of Plaintiff's effort to finally depose Mr. Cioffi. The Notices are attached as Exhibit 4. Mr. Cioffi refused to stay over for completion of his deposition while he was in this District.

## 2. Groupon's Sole Deponent Lacked Knowledge Regarding Pivotal Issues:

First, Mr. Cioffi testified that Groupon does not offer, and has no plans to offer, CRM software—a key issue in this case.[5] However, Mr. Cioffi—who is **not** an expert in CRM software, has never developed a CRM system, has not worked in this area in his day-to-day job and has never written any software—failed to even *discuss* this issue with CEO Andrew Mason, SVP of Engineering Brian Totty, SVP of Product Development Jeffrey Holden, *any* of the engineering or product development employees, his immediately supervisor Hoyoung Pak, co-founder Erik Lefkofsky, or a member of the board of directors. (Cioffi Deposition, 86:22-87:10; 111:21-113:1). Mr. Cioffi cited virtually no first-hand information to support his testimony.

Second, Mr. Cioffi had no knowledge whatsoever as to whether any domestic or international searching was conducted by Groupon in 2008 regarding potential trademark or domain-name conflicts with the mark "Groupon", and he interviewed no one and he had no idea whether any law firm was retained to conduct searching or whether any attorney communicated with the U.S.P.T.O. on this issue. (Cioffi Deposition, 30:20-31:13; 60:11-61:13; 75:10-19).

Third, Mr. Cioffi did not know the identity of or the substance of any communications with the original owner of "www.groupon.com" (Mr. Dan Winchester) and did not interview anyone regarding the negotiation and acquisition of the "www.groupon.com" domain name. (Cioffi Deposition, 61:19-62:18).

Fourth, Mr. Cioffi had virtually no knowledge of the Groupon IPhone application for merchant-customers and did not know when it was first offered to the public; when asked who was "in charge" of the merchant services team (responsible for merchant applications), Mr. Cioffi simply responded: "I don't know." (Cioffi Deposition, 83:2-13). Nor did Mr. Cioffi know the substance of Groupon's Ethics Policy or whether he or CEO Mason signed the Ethics Policy. (Cioffi Deposition, 237:12-238:17). Revealingly, Mr. Cioffi also admitted that he had never even seen Mr. Coutu's and Mr. Haider's declarations prior to executing his own lengthy declaration in opposition to these very same declarations. (Cioffi Deposition, 188:8-189-16).

In sum, Mr. Cioffi was totally unprepared to address many (if not most) pivotal issues in the case and wholly unable to testify as to issues within CEO Mason's knowledge. Given Groupon's obstreperous conduct, the defense must be barred from calling those witnesses at trial unless it immediately produces them (which the Court should order).[6]

Moreover, the timing of the refusal to provide these deponents (and other discovery) is highly relevant—it is now obvious that Defendant Groupon simply sought to take advantage of and "sandbag" a smaller litigant by obstructing discovery and immediately filing a motion for summary judgment. Precluding Groupion from taking discovery is a transparent attempt to stop Groupion from presenting its rightful claims. The Court should not tolerate such misconduct and should, accordingly, order Groupon to comply with the Notices immediately. Indeed, Plaintiff wishes to point out that it requested that Defendant withdraw its motion for summary judgment pending the outcome of this motion but Defendant has failed and refused to honor that request.

---

[5] Attached as Exhibit 3 are cited excerpts of the F. R. Civ. Proc. 30(b)(6), November 17, 2011, deposition of Groupon V.P. of Operations Nick Cioffi Deposition.
[6] See *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (District Court has broad discretion in discovery matters to exclude testimony of expert and non-expert witnesses whose use at trial would be in bad faith or would unfairly prejudice an opposing party.).