1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GROUPION, LLC.,

       Plaintiff,

  v.

GROUPON, INC., et al..,

       Defendants.

_____/

No. C 11-00870 JSW

**ORDER (1) GRANTING MOTION FOR LEAVE TO FILE COUNTERCLAIMS AND (2) DENYING MOTION TO CONTINUE THE MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the motion filed by defendant Groupon, Inc. ("Groupon") for leave to file counterclaims and the motion filed by plaintiff Groupion, LLC ("Groupion") to continue Groupon's motion for summary judgment. The Court finds that these matters are appropriate for disposition without oral argument and are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for April 20, 2012 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants Groupon's motion for leave and denies Groupion's motion for a continuance as moot.

**ANALYSIS**

A. **Legal Standard on Motion to Amend**.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a responsive pleading has been served, however, amendment requires written consent of the

**United States District Court**
For the Northern District of California

1  adverse party or leave of the court. *Id.* In accordance with the Federal Rule's liberal pleading

2  standard, leave of the Court "shall be freely given," the general rule is that amendment of the

3  pleading is permitted unless the opposing party makes a showing of bad faith, undue delay,

4  prejudice to the opposing side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178,

5  230 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

6  Prejudice to the opposing party carries the greatest weight of the relevant factors and denial is

7  only warranted where the prejudice is substantial. *Eminence Capital*, 316 F.3d at 1052;

8  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Absent

9  prejudice, or a strong showing of the remaining factors, a presumption exists in favor of

10  granting the amendment. *Eminence Capital*, 316 F.3d at 1052.

11  **B.      Groupon Shall Be Given Leave to Amend.**

12  Groupion argues undue delay, prejudice, and futility warrant denial of Groupon's

13  motion. "Delay alone is not sufficient to justify the denial of a motion requesting leave to

14  amend." *DCD Programs*, 833 F.2d at 187. Even severe delay does not warrant automatic

15  denial. *Morongo Band*, 893 F.2d at 1079 ("The delay of nearly two years, while not alone

16  enough to support denial, is nevertheless relevant"). The Court finds that Groupion has not

17  demonstrated that Groupon unduly delayed in moving for leave to amend. Nor does the Court

18  find that Groupion has demonstrated that the amendment would cause it prejudice. Groupion

19  only summarily argues that Groupon's new counterclaims would require new discovery and the

20  filing of an additional motion to dismiss. Although Groupion does not provide any description

21  of what discovery it would need, in the interest of fairness, the Court will reopen discovery to

22  enable the parties to conduct discovery. Therefore, Groupion will not suffer any prejudice.

23  Finally, with respect to futility, Groupion asserts arguments which are better suited to a motion

24  for summary judgment. Groupion contests the sufficiency of the evidence supporting the

25  proposed conterclaims. Groupion has not demonstrated that Groupon has not and cannot

26  sufficiently allege the proposed counterclaims. Therefore, in accordance with the Federal

27  Rule's liberal pleading standard, the Court grants Groupon's motion for leave to amend.

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.      Groupion's Motion to Continue the Motion for Summary Judgment.**

Groupion moves, pursuant to Federal Rule of Civil Procedure 56(d), to enable it to take discovery in order to oppose Groupon's motion for summary judgment. Groupion argues that it has discovery disputes which are presently before Magistrate Judge James and that the pending requests are relevant to the motion for summary judgment. However, since Groupion filed this motion, Magistrate Judge James has denied Groupion's motion to compel further discovery. Therefore, there is no longer any outstanding discovery. Accordingly, Groupion's motion is now moot. Therefore, the Court denies Groupion's motion.

Nevertheless, the Court notes that, with the filing of Groupon's counterclaims, and the reopening of discovery with respect to the counterclaims, the parties may seek to file motions for summary judgment on the counterclaims. Pursuant to this Court's Standing Order ¶ 9, "[a]bsent a showing of good cause, the Court will address only one motion for summary judgment per party or side." The Court is hereby providing Groupon an opportunity to withdraw its pending motion for summary judgment. If Groupon withdraws its pending motion for summary judgment, Groupon may, at a later date, refile a motion for summary judgment to address its counterclaims as well as Groupion's claims. If Groupon does not withdraw its pending motion, the Court is likely to not find a showing of good cause should Groupon later seek to file a second motion for summary judgment on its counterclaims. If Groupon seeks to preserve its opportunity to file a motion for summary judgment on its counterclaims, by no later than February 10, 2012,, Groupon shall withdraw its motion for summary judgment without prejudice to refiling.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Groupon's motion for leave to file its proposed counterclaims and DENIES Groupion's motion to continue as MOOT. Groupon shall file and serve its amended answer and counterclaims by no later than February 10, 2012. The Court HEREBY REOPENS fact discovery for the limited purpose of conducting discovery on the counterclaims. This is not an additional opportunity to conduct discovery with respect to Groupion's claims. All discovery on the counterclaims shall be conducted by May 11, 2012.

1  If Groupon withdraws its pending motion for summary judgment, and Groupion wants

2  to file a motion for summary judgment on the counterclaims,[1] the parties shall meet and confer

3  and agree to a briefing schedule whereby:

4  •   one party files an opening summary judgment motion by May 25, 2012

5  •   the other party shall file its opposition and cross-motion by June 8, 2012

6  •   the reply and opposition to the cross-motion is due by June 22, 2012

7  •   the reply in support of the cross-motion is due by June 29, 2012

8  The Court will hear the motions for summary judgment on July 27, 2012 at 9:00 a.m.

9  If Groupon does not withdraw its pending motion for summary judgment, Groupion may

10  file a motion for summary judgment on Groupon's counterclaims by no later than May 25,

11  2012.  The Court will hear the Groupion's motion for summary judgment on June 29, 2012 at

12  9:00 a.m.

13  The Court FURTHER ORDERS that the pretrial conference and trial are CONTINUED,

14  respectively, to October 9, 2012 at 2:00 p.m. and October 29, 2012 at 8:00 a.m.  The Court

15  VACATES the further case management conference set for February 10, 2012.

16  **IT IS SO ORDERED.**

17

18  Dated: February 6, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27  [1] Because Groupion's motion for summary judgment was heard before the Court

28  granted Groupion's motion for leave to file, good cause exists for Groupion to file a second motion for summary judgment.  However, this good cause extends only to Groupon's counterclaims.

4