JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
CLIFFORD C. WEBB (CSB No. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant and Counterclaimant
GROUPON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROUPION, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation, THE POINT, INC., a Delaware corporation, and GOOGLE, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 3:11-cv-00870<br><br>**DEFENDANT GROUPON, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |
| GROUPON, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>GROUPION, LLC, a California limited liability company,<br><br>Counterclaim Defendant. | |

Defendant Groupon, Inc. ("Groupon"), for itself and as successor-in-interest to the entity sued as The Point,[1] hereby answers Plaintiff's First Amended Complaint ("FAC") as follows:

## NATURE OF ACTION

1. In answer to Paragraph 1 of the FAC, Groupon admits that the FAC purports to allege trademark infringement and unfair competition but denies all other averments.

## JURISDICTION AND VENUE

2. Groupon neither admits nor denies the averments contained in Paragraph 2 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them, except that Groupon specifically denies that it has infringed any trademark rights of Plaintiff or has created consumer confusion.

## THE PARTIES

3. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the FAC and on that basis denies them.

4. Groupon denies the averments in Paragraph 4 of the FAC, except that Groupon admits that it is a Delaware corporation with its principal place of business in Chicago, Illinois, and that it maintains offices in Santa Clara County. Groupon further admits that it offers certain services to its listing merchants, offers a Groupon application for mobile devices, and maintains a website at www.grouponworks.com.

5. Groupon denies the averments in Paragraph 5 of the FAC, except that The Point is listed as the original owner of trademark registration number 3,685,954 for the "Groupon" mark.

6. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the FAC and on that basis denies them, except that Groupon specifically denies that it has been "aided" by "advertisements related to Plaintiff's trademark."

---

[1] As of June 16, 2009, ThePoint.com, Inc., a/k/a The Point, changed its name to Groupon, Inc.

**BACKGROUND FACTS**

7. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the FAC and on that basis denies them.

8. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the FAC and on that basis denies them.

9. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the FAC and on that basis denies them, except that Groupon admits that the document attached as Exhibit 1 to the FAC purports to contain certain information concerning the domain registration for www.groupion.net.

10. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the FAC and on that basis denies them.

11. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the FAC and on that basis denies them.

12. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the FAC and on that basis denies them, except that Groupon admits that the document attached as Exhibit 2 to the FAC purports to be trademark registration number 3,816,266 for the "GROUPION" mark.

13. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of the FAC and on that basis denies them.

14. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the FAC and on that basis denies them.

15. Groupon denies the averments in Paragraph 15 of the FAC.

    a. Groupon neither admits nor denies the averments contained in Paragraph 15(a) of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of those averments and on that basis denies each of them.

    b. Groupon is without knowledge or information sufficient to form a belief as

1  to the truth of the averments contained in Paragraph 15(b) of the FAC and on that basis denies
2  them, except that Groupon admits that it offers a Groupon application for mobile devices related
3  to its deal of the day services, that it maintains a website at www.grouponworks.com related to its
4  deal of the day services, that it purchased a company called "mob.ly," and that it has offices in the
5  Silicon Valley.

6        c.      Groupon denies the averments in Paragraph 15(c) of the FAC.

7        d.      Groupon is without knowledge or information sufficient to form a belief as
8  to the truth of the averments contained in Paragraph 15(d) of the FAC and on that basis denies
9  them.

10       e.      Groupon is without knowledge or information sufficient to form a belief as
11 to the truth of the averments contained in Paragraph 15(e) of the FAC and on that basis denies
12 them, except that Groupon admits that it uses the Internet for marketing and uses Google's
13 AdWords service.

14       f.      Groupon is without knowledge or information sufficient to form a belief as
15 to the truth of the averments contained in Paragraph 15(e) of the FAC and on that basis denies
16 them, except that Groupon admits that it advertises its service on the Internet, and Groupon denies
17 that its customers "exercise a low degree of care."

18       g.      Groupon denies the averments in Paragraph 15(g) of the FAC.

19       h.      Groupon is without knowledge or information sufficient to form a belief as
20 to the truth of the averments contained in Paragraph 15(h) of the FAC and on that basis denies
21 them, except that Groupon admits that it delivers services via the Internet, and Groupon denies
22 that it is in competition with Plaintiff.

23     16.    Groupon denies the averments in Paragraph 16 of the FAC.

24     17.    Groupon is without knowledge or information sufficient to form a belief as to the
25 truth of the averments contained in Paragraph 17 of the FAC and on that basis denies them.

26     18.    Groupon denies the averments in Paragraph 18 of the FAC, except that Groupon
27 admits that it has purchased AdWords services whereby Groupon advertising links may be
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 displayed when Google users accidentally type misspellings of "Groupon," including
2 "Groupion."

3     19.     Groupon denies the averments in Paragraph 19 of the FAC.

4     20.     Groupon is without knowledge or information sufficient to form a belief as to the
5 truth of the averments contained in Paragraph 20 of the FAC and on that basis denies them,
6 except that Groupon admits that Google operates a popular search engine.

7     21.     Groupon is without knowledge or information sufficient to form a belief as to the
8 truth of the averments contained in Paragraph 21 of the FAC and on that basis denies them,
9 except that Groupon admits that generally speaking, Internet search engines allow users to enter
10 search terms and display search results.

11     22.     Groupon is without knowledge or information sufficient to form a belief as to the
12 truth of the averments contained in Paragraph 22 of the FAC and on that basis denies them.

13     23.     Groupon is without knowledge or information sufficient to form a belief as to the
14 truth of the averments contained in Paragraph 23 of the FAC and on that basis denies them,
15 except Groupon admits that there are domain names used on the world wide web and that the
16 allegations of Paragraph 23 generally describe the functionality of some websites.

17     24.     Groupon is without knowledge or information sufficient to form a belief as to the
18 truth of the averments contained in Paragraph 24 of the FAC and on that basis denies them,
19 except Groupon admits that Internet users may locate websites by using their domain names.

20     25.     Groupon is without knowledge or information sufficient to form a belief as to the
21 truth of the averments contained in Paragraph 25 of the FAC and on that basis denies them,
22 except Groupon admits that Internet users may search for companies by name.

23     26.     Groupon is without knowledge or information sufficient to form a belief as to the
24 truth of the averments contained in Paragraph 26 of the FAC and on that basis denies them.

25     27.     Groupon is without knowledge or information sufficient to form a belief as to the
26 truth of the averments contained in Paragraph 27 of the FAC and on that basis denies them.

27     28.     Groupon is without knowledge or information sufficient to form a belief as to the
28 truth of the averments contained in Paragraph 28 of the FAC and on that basis denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 29 of the FAC and on that basis denies them, except that Groupon admits that Google offers a program called "AdWords."

30. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 30 of the FAC and on that basis denies them.

31. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 31 of the FAC and on that basis denies them.

32. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 32 of the FAC and on that basis denies them, except that Groupon admits that it advertises via the Internet and has purchased AdWords services whereby Groupon advertising links may be displayed when Google users accidentally type misspellings of "Groupon," including "Groupion."

33. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 33 of the FAC and on that basis denies them, except that Groupon explicitly denies any suggestion that it intends to divert or intercept customers or potential customers of Plaintiff.

34. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 34 of the FAC and on that basis denies them, except that Groupon explicitly denies any suggestion that it intends to divert or intercept customers or potential customers of Plaintiff.

35. Groupon denies the averments contained in Paragraph 35 of the FAC.
    a. Groupon denies the averments contained in Paragraph 35(a) of the FAC.
    b. Groupon denies the averments contained in Paragraph 35(b) of the FAC.
    c. Groupon denies the averments contained in Paragraph 35(c) of the FAC.
    d. Groupon denies the averments contained in Paragraph 35(d) of the FAC.
    e. Groupon denies the averments contained in Paragraph 35(e) of the FAC.
    f. Groupon denies the averments contained in Paragraph 35(f) of the FAC.

36. Groupon denies the averments contained in Paragraph 36 of the FAC.

37. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 37 of the FAC and on that basis denies them, except that Groupon explicitly denies that Plaintiff is harmed in any way by Internet users potentially clicking on an advertisement not associated with Plaintiff.

38. Groupon neither admits nor denies the averments contained in Paragraph 38 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them, and Groupon denies that it violates trademark laws with respect to "GROUPION" in any way.

39. Groupon neither admits nor denies the averments contained in Paragraph 39 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them.

40. Groupon denies the averments contained in Paragraph 40 of the FAC.

41. Groupon neither admits nor denies the averments contained in Paragraph 41 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them

42. Groupon neither admits nor denies the averments contained in Paragraph 42 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to their truth and on that basis denies them.

43. Groupon neither admits nor denies the averments contained in Paragraph 43 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to their truth and on that basis denies, except that Groupon specifically denies that its services are substantially similar to Plaintiff's.

44. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the FAC and on that basis denies them,

1    except that Groupon specifically denies that any of its actions cause deception or confusion
2    between Groupon and Plaintiff.

3        45.    Groupon denies the averments contained in Paragraph 45 of the FAC.

4        46.    Groupon denies the averments contained in Paragraph 46 of the FAC.

5        47.    Groupon is without knowledge or information sufficient to form a belief as to the
6    truth of the averments contained in Paragraph 47 of the FAC and on that basis denies them,
7    except Groupon specifically denies that "GROUPION" is a well-known or famous brand.

8        48.    Groupon denies the averments contained in Paragraph 48 of the FAC.

9        49.    Groupon is without knowledge or information sufficient to form a belief as to the
10   truth of the averments contained in Paragraph 49 of the FAC and on that basis denies them.

11       50.    Groupon is without knowledge or information sufficient to form a belief as to the
12   truth of the averments contained in Paragraph 50 of the FAC and on that basis denies them.

13       51.    Groupon neither admits nor denies the averments contained in Paragraph 51 of the
14   FAC because those averments are conclusions of law to which no response is required; to the
15   extent those averments may be deemed averments of fact, Groupon denies them.

## FIRST CLAIM FOR RELIEF
**(Declaratory Relief Pertaining To Defendant Groupon and Defendant The Point)**

    52.    In answering Paragraph 52, Groupon restates and incorporates by reference Paragraphs 1-51 of this Answer to Plaintiff's FAC.

    53.    Groupon neither admits nor denies the averments contained in Paragraph 53 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon admits that Plaintiff has brought both this lawsuit and a cancellation proceeding in the Trademark Trial and Appeal Board seeking the cancellation of Groupon's registration for the "Groupon" mark, Registration Number 3,685,954.

    54.    Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54 of the FAC and on that basis denies them, except that Groupon admits that it has used the "Groupon" mark and owns the federal registration

FIRST AMENDED ANSWER AND COUNTERCLAIMS     7     CASE NO. 3:11-CV-00870

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  for the "Groupon" mark for "promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the retail websites of others, and discount information."

55. Groupon denies the averments contained in Paragraph 55 of the FAC, except that Groupon admits that its predecessor-in-interest applied for an obtained a trademark registration for the "Groupon" mark, that Groupon has used the "Groupon" mark in relation to its website coupon offerings since October of 2008.

56. Groupon denies the averments contained in Paragraph 56 of the FAC.

57. Groupon denies the averments contained in Paragraph 57 of the FAC.

58. Groupon neither admits nor denies the averments contained in Paragraph 58 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon admits that its registration for the "Groupon" mark issued on September 22, 2009.

59. Groupon neither admits nor denies the averments contained in Paragraph 59 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies them.

60. Groupon neither admits nor denies the averments contained in Paragraph 60 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies them, except that Groupon explicitly denies that there is a likelihood of confusion between its mark and Plaintiff's mark.

61. Groupon neither admits nor denies the averments contained in Paragraph 61 of the FAC because those averments are conclusions of law to which no response is required; to the extent those averments may be deemed averments of fact, Groupon denies them.

62. Groupon denies the averments contained in Paragraph 62.

## SECOND CLAIM FOR RELIEF
**(Trademark Infringement [15 U.S.C. § 1114] Against All Defendants)**

63. In answering Paragraph 63, Groupon restates and incorporates by reference Paragraphs 1-51 of this Answer to Plaintiff's FAC.

64. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 64 of the FAC and on that basis denies them.

65. Groupon is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 65 of the FAC and on that basis denies them.

66. Groupon denies the averments contained in Paragraph 66.

67. Groupon denies the averments contained in Paragraph 67.

68. Groupon denies the averments contained in Paragraph 68.

69. Groupon denies the averments contained in Paragraph 69.

## THIRD CLAIM FOR RELIEF
**(Unfair Competition Against All Defendants)**

70. In answering Paragraph 70, Groupon restates and incorporates by references Paragraphs 1-69 of this Answer to Plaintiff's FAC.

71. Groupon denies the averments contained in Paragraph 71.

72. Groupon denies the averments contained in Paragraph 72.

73. Groupon denies the averments contained in Paragraph 73.

74. Groupon denies the averments contained in Paragraph 74.

75. Any allegations in the FAC not expressly admitted herein are denied.

## ON PLAINTIFF'S PRAYER FOR RELEIF

A. Groupon denies that Plaintiff is entitled to any relief against it.

B. Groupon denies that Plaintiff is entitled to any relief against it.

C. Groupon denies that Plaintiff is entitled to any relief against it.

D. Groupon denies that Plaintiff is entitled to any relief against it.

E. Groupon denies that Plaintiff is entitled to any relief against it.

F. Groupon denies that Plaintiff is entitled to any relief against it.

G. Groupon denies that Plaintiff is entitled to any relief against it.

1    H.   Groupon denies that Plaintiff is entitled to any relief against it.

2    I.   Groupon denies that Plaintiff is entitled to any relief against it.

3    J.   Groupon denies that Plaintiff is entitled to any relief against it.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Plaintiff's FAC and to each cause of action, claim, and allegation contained therein pertaining to Groupon, Groupon states as follows:

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CAUSE OF ACTION

1. Each purported cause of action in the FAC against Groupon fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE – LACHES

2. Each purported cause of action in the FAC against Groupon is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE – WAIVER

3. Each purported cause of action in the FAC against Groupon is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE – ESTOPPEL

4. Each purported cause of action in the FAC against Groupon is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE – ACQUIESCENCE

5. Each purported cause of action in the FAC against Groupon is barred by the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

6. Each purported cause of action in the FAC against Groupon is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE – ABANDONMENT

7. Each purported cause of action in the FAC against Groupon is barred by the doctrine of abandonment.

### EIGHT AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

8. Each purported cause of action in the FAC against Groupon is barred by Plaintiff's failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE – LACK OF LIKELIHOOD OF CONFUSION

9. Each purported cause of action in the FAC against Groupon is barred by lack of any likelihood of confusion between Plaintiff's and Groupon's marks.

### TENTH AFFIRMATIVE DEFENSE – PRIORITY OF USE

10. Each purported cause of action in the FAC against Groupon is barred by Groupon's priority in the "Groupon" mark.

### ELEVENTH AFFIRMATIVE DEFENSE – ACTS OF ANOTHER

11. Each purported cause of action in the FAC against Groupon is barred because any alleged harm to Plaintiff was caused by the independent or intervening acts of another.

WHEREFORE, Groupon prays for judgment on the FAC as follows:

1. That Plaintiff take nothing by its FAC;
2. That the FAC be dismissed with prejudice;
3. That judgment be entered for Groupon;
4. For costs of suit, including reasonable attorneys' fees; and
5. For such other and further relief as this Court may deem just and proper.

### COUNTERCLAIMS

Defendant and Counterclaimant Groupon, Inc. ("Groupon"), for its Counterclaims for relief against Plaintiff and Counterclaim Defendant Groupion LLC ("Groupion" or "Plaintiff") and Peter-Christoph Haider ("Haider") avers as follows:

1. As set forth in Groupon's answer and affirmative defenses, Groupon contends that there is no likelihood of confusion between the GROUPON and GROUPION marks—which not only differ in appearance, sound and meaning, but are used in connection with unrelated offerings—and accordingly Groupon contends there is no infringement or ground for cancellation of any Groupon registration. But in addition, Plaintiff's trademark registration for GROUPION is invalid and subject to cancellation, and Groupon accordingly seeks declaratory judgment from the

Court cancelling it.  In addition, shortly before commencing the present action, Plaintiff's founder, Peter-Christoph Haider, registered a series of domain names, including group-on-works.com, group-ons.eu, and group-on.eu, that are unrelated to Plaintiff's "GROUPION" name, and instead are confusingly similar to, and dilute the distinctive quality of, Groupon's federally registered trademarks.  Haider and his company have used and trafficked in these domain names with a bad faith intent to profit from Groupon's marks.  Accordingly, Groupon brings this counterclaim for cybersquatting pursuant to 15 U.S.C. § 1125(d).

**THE PARTIES**

2.   According to the First Amended Complaint, Plaintiff and Counterclaim Defendant Groupion LLC is a limited liability company duly organized and existing under the laws of the State of California, having its principal place of business in Santa Clara County, California.

3.   Counterclaim Defendant Peter-Christoph Haider, on information and belief, is a co-founder and Managing Member of Plaintiff Groupion, LLC, a California LLC, and is a citizen and resident of the Federal Republic of Germany.

4.   Defendant and Counterclaimant Groupon, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.  Groupon is a deal-of-the-day website, offering daily deals, referred to as "Groupons," for various consumer-oriented products and services throughout the United States and abroad.

**JURISDICTION AND VENUE**

5.   This Court has personal jurisdiction over Counterclaim Defendant Groupon as its principal place of business is alleged to be in this judicial district, because it has availed itself of this Court's jurisdiction in seeking relief by way of its First Amended Complaint, and by its committing tortious acts within this judicial district.

6.   Additionally, this Court has personal jurisdiction over Counterclaim Defendant Haider due to his contacts with this judicial district, including as the cofounder and Managing Member of Groupion, LLC, a California LLC located in this judicial district, and by way of his commission of tortious acts within this judicial district, including the registration of domain names that are confusingly similar to and/or dilutive of Groupon's trademarks, as part of a

1  scheme to illicitly profit by the sale of those domain names through Plaintiff Groupion within this
2  district, and, by virtue of his direction, control, and/or ratification of the wrongful actions of
3  Groupion, LLC described herein.

4      7.    This Court has jurisdiction over the subject matter of these Counterclaims pursuant
5  to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. Groupon's Counterclaims are, in
6  part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127.

7      8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTERCLAIMS

9      9.    Groupon provides a marketplace that connects merchants to consumers by offering third-party goods and services at a discount. Groupon provides consumers with savings and helps them discover new things to do, eat, see and buy in cities around the world. Each day, Groupon emails its subscribers with discounted offers for goods and services, and consumers also access deals directly through Groupon's website and mobile application. These deals are commonly referred to and promoted by Groupon as "Groupons."

10. Groupon evolved from The Point, a web platform that enables users to promote collective action. Groupon applied The Point's tipping point technology to group buying, applying the concept of web-based collective action to create an e-commerce marketplace. Groupon adopted the name "GROUPON" – a combination of the words "group" and "coupon" — and began promoting and using the name with merchants and consumers in September 2008, and Groupon launched its first Groupon deal in October 2008. Since then, Groupon has grown rapidly, and the company now has tens of millions of subscribers and has sold over 90 million "Groupons." Groupon's continuing use and considerable investment in the GROUPON mark has created significant consumer recognition and goodwill associated with Groupon and its mark.

11. To help protect this goodwill and investment, Groupon's predecessor-in-interest, The Point, filed a trademark application for the GROUPON mark, resulting in U.S. Trademark Registration No. 3,685,954. Groupon is the owner of U.S. Trademark Registration No. 3,685,954, which is valid and enforceable. A true and correct copy of U.S. Trademark Registration No. 3,685,954 is attached hereto as **Exhibit A**.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12. Groupon's predecessor-in-interest, The Point, also acquired by assignment U.S. Trademark Registration No. 3,513,882 for the mark GROUP-ONS. Groupon is the owner of this registration which is valid and enforceable. A true and correct copy of U.S. Trademark Registration No. 3,513,882 is attached hereto as **Exhibit B**.

13. Groupon operates a website at www.grouponworks.com, and Groupon owns U.S. Trademark Registration No. 3965842 for GROUPONWORKS, which is valid and enforceable. A true and correct copy of U.S. Trademark Registration No. 3,965, 842 is attached hereto as **Exhibit C**.

## FIRST CLAIM FOR RELIEF
### (Cybersquatting against Groupion and Haider)

14. Groupon hereby incorporates each averment in paragraphs 1-13 as if fully set forth herein.

15. On information and belief, or about, December 9, 2010, Haider personally registered the domain names group-on-works.com, group-on-works.de, group-ons.eu, group-ons.de, and group-on.eu.

16. On information and belief, at some point following Haider's registration of these domains, he licensed use of them to his company, Groupion. Currently, Groupion uses at least the www.group-on-works.com, www.group-on-works.de, group-ons.de, and www.group-on.eu domains to redirect to Plaintiff's Groupion's website at www.groupion.com.

17. Additionally, Plaintiff and Counterclaim Defendant Groupion have trafficked in each of these domains by, among other things, offering to sell the domains to Groupon, without any solicitation to do so by Groupon.

18. Groupon owns valid and protectable U.S. Trademark registrations for the GROUPON, GROUPONWORKS and GROUP-ONS marks, and Groupon uses its GROUPON marks in the promotion, marketing, and sale of its daily deal services, including through the website www.grouponworks.com. Groupon also uses the mark "GROUPONS" to refer to daily deals offered via Groupon.

19. Each of these marks was distinctive, and Groupon's GROUPON mark was

famous, at the time Haider registered the domains discussed above.

20. On information and belief, Counterclaim Defendants Groupion and Haider registered, used and trafficked in the domains with the bad faith intent to profit from Groupon's marks in violation of 15 U.S.C. § 1125(d).

21. Upon information and belief, the foregoing conduct by Haider and Groupion has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Groupon's known rights.

22. Groupon has no adequate remedy at law to address Haider and Groupion's cyberpiracy. Groupon has been, and absent injunctive relief, will continue to be, irreparable harmed by Counterclaim Defendants' actions.

23. Groupon is entitled to transfer of the registration of the domains pursuant to 15 U.S.C. § 1125(d).

24. Groupon is further entitled to an award of actual damages and profits, or an award of statutory damages pursuant to 15 U.S.C. § 1117(d) of up to $100,000 per domain illegally registered, used, or trafficked in.

### SECOND CLAIM FOR RELIEF
**(Declaration of Cancellation against Groupion)**

25. Groupon hereby incorporates each averment in paragraphs 1-24 as if fully set forth herein.

26. A case and controversy has arisen between Groupon and Groupion under 28 U.S.C. § 2201 because there is a dispute as to the validity and registerability of the GROUPION mark, U.S. Registration No. 3,816,266.

27. 15 U.S.C. § 1119 provides district courts with the authority determine rights to registration of United States trademarks and to cancel registrations, in whole or in part, where appropriate.

28. Given Plaintiff's attempt to circumvent the requirements of Section 44 of the Lanham Act, 15 U.S.C. §1126, by, inter alia, claiming rights in connection with goods or services not claimed in its European trademark registration, the GROUPION mark is subject to

FIRST AMENDED ANSWER AND COUNTERCLAIMS — 15 — CASE NO. 3:11-CV-00870

1  cancellation pursuant to 15 U.S.C. § 1119.

2  29. Plaintiff's registration for the GROUPION mark should be cancelled due to
3  Plaintiff's attempt to circumvent the requirements of Section 44 of the Lanham Act by seeking to
4  obtain rights in connection with goods or services not identified in its European Community
5  Trade Mark ("CTM") trademark registration.

6  30. Section 44 of the Lanham Act, 15 U.S.C. § 1126, which forms the sole basis for
7  Groupion's United States registration and claimed right of priority for the GROUPION mark,
8  permits certain foreign applications to be accorded the same force and effect as they would be
9  accorded if filed in the United States. However, Section 44 does not allow a foreign trademark
10 applicant to seek rights in its proposed mark in the United States on goods or services not
11 described in the predicate foreign application.

12 31. Attached hereto as **Exhibit D** is a true and correct copy of the certificate of
13 Plaintiff's CTM registration, number 007,426,919, for the GROUPION mark.

14 32. Attached hereto as **Exhibit E** is a true and correct copy the certificate of Plaintiff's
15 United States trademark registration, number 3,816,266, for the GROUPION mark.

16 33. Groupion's CTM registration for GROUPION contains vague descriptions that
17 would be entitled to no force and effect if contained in an application filed in the United States,
18 and it describes a number of disparate goods and services including "life-saving and teaching
19 apparatus and instruments" "fire-extinguishing apparatus" and "vending machines."

20 34. In contrast, Plaintiff's United States registration claims rights in connection with a
21 number of specific goods and services not identified in the predicate CTM application or
22 registration. For example, in Class 9, Plaintiff now claims "[c]omputer application software for
23 mobile phones [and] [c]omputer e-commerce software to allow users to perform electronic
24 business transactions via a global computer network," goods that were not identified in Plaintiff's
25 predicate European application or registration.

26 35. Accordingly, Plaintiff's registration for the GROUPION mark, No. 3,816,266,
27 fails to comply with the requirements of 15 U.S.C. § 1126(d) and (e), and is subject to partial
28 cancellation pursuant to 15 U.S.C. § 1064 and § 1119 because Plaintiff has impermissibly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FIRST AMENDED ANSWER AND COUNTERCLAIMS  16  CASE NO. 3:11-CV-00870

claimed rights for goods and services not identified by its predicate CTM registration.

**PRAYER FOR RELIEF**

WHEREFORE, Groupon prays for judgment against Counterclaim Defendant Groupion, LLC as follows:

    A. For a declaration and order cancelling Counterclaim Defendant Groupion's registration for the GROUPION mark, Registration No. 3,816,266, pursuant to 15 U.S.C. § 1064 and § 1119, and that such order be certified to the Director of the United States Patent and Trademark Office for appropriate entry upon its records;

    B. For an award of actual damages and profit, or an award of statutory damages pursuant to 15 U.S.C. § 1117(d), of up to $100,000 per domain illegally registered, used, or trafficked in;

    C. Transfer of the www.group-on-works.com, www.group-on-works.de, www.group-ons.de, www.group-ons.eu, www.group-on.eu domains to Groupon;

    D. For costs of suit, including reasonable attorneys' fees; and

    E. For such other different and further relief as the Court deems just and proper.

Dated: February 10, 2012        FENWICK & WEST LLP

By:    */s/ Jedediah Wakefield*
       Jedediah Wakefield

Attorneys for Defendant and Counterclaimant
GROUPON, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## **DEMAND FOR JURY TRIAL**

Defendant Groupon, Inc., for itself and as successor-in-interest to the entity sued as The Point, hereby demands a jury trial on all issues so triable.

Dated: February 10, 2012  FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
 Jedediah Wakefield

Attorneys for Defendant and Counterclaimant
GROUPON, INC.