1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  GROUPION, LLC.,

10        Plaintiff,                              No. C 11-00870 JSW

11  v.

12  GROUPON, INC., et al..,                       **ORDER DENYING GROUPION'S
                                                   MOTION FOR**
13        Defendants.                              **RECONSIDERATION AND
                                                   MOTION FOR SUMMARY**
14  _____/             **JUDGMENT**

15

16        Now before the Court are the motions filed by plaintiff and counterclaim defendant

17  Groupion, LLC ("Groupion") for reconsideration of the Court's order granting summary

18  judgment against Groupion on its affirmative claims and for summary judgment on the counter-

19  claims against it.  The Court finds that these matters are appropriate for disposition without oral

20  argument and are hereby deemed submitted.  *See* Civ. L.R. 7-1(b).  Accordingly, the hearing set

21  for August 3, 2012 is HEREBY VACATED.  Having carefully reviewed the parties' papers,

22  considered their arguments and the relevant legal authority, the Court hereby denies both

23  motions.

24                          **BACKGROUND**

25        Groupion contends that Groupon, Inc. ("Groupon") is infringing upon its trademark.

26  The Court granted Groupon's motion for summary judgment on all of Groupion's claims

27  against it.  Groupion now moves for reconsideration of that Order.

28

*United States District Court*
For the Northern District of California

1     Groupon filed counterclaims against Groupion for cybersquatting and for cancellation of

2     its registration.  Groupion also moves for summary judgment on Groupon's counterclaims

3     against it.

4         The Court shall refer to additional facts as necessary in the remainder of this Order.

5

6                                    **ANALYSIS**

7     **A.    Groupion's Motion for Reconsideration.**

8         Under local rule 7-9, a motion for reconsideration may be made on one of three grounds:

9     (1) a material difference in fact or law exists from that which was presented to the Court, which,

10    in the exercise of reasonable diligence, the party applying for reconsideration did not know at

11    the time of the order; (2) the emergence of new material facts or a change of law; or (3) a

12    manifest failure by the Court to consider material facts or dispositive legal arguments presented

13    before entry of judgment.  N.D. Civ. L.R. 7-9(b)(1)-(3).  The moving party may not reargue any

14    written or oral argument previously asserted to the Court.  *Id.*, 7-9(c).

15        The Court granted Groupion leave to file a motion for reconsideration on one limited

16    ground – whether Groupon's filing of its Form 8-K on May 7, 2012 with the Securities and

17    Exchange Commission ("SEC") was a change of material fact which creates a question of fact

18    regarding the similarity of the marks.  Therefore, this is the only issue the Court will consider

19    on Groupion's motion.

20        In its order granting Groupon's motion for summary judgment, the Court found that,

21    when it viewed the evidence in the light most favorable to Groupion and balanced the factors

22    set forth in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), no reasonable juror

23    could have found that Groupon was using a confusingly similar mark.  With respect to the

24    individual factors, the Court found Groupion had not submitted sufficient evidence to create a

25    genuine issue of material fact regarding the similarity of the marks, that their products were

26    related such that consumers would be confused as to their source, that Groupon and Groupion

27    shared similar marketing channels apart from the ubiquitous use of the internet, the strength of

28    Groupion's mark, Groupon's bad faith in adopting its mark, or the existence of any actual

*United States District Court*
For the Northern District of California

2

customer confusion.  Groupion also failed to submit any evidence to show that its and/or

Groupon's customers do not exercise a higher degree of care than a typical consumer.

Groupon's SEC filing is not sufficient to alter the Court's finding and create a genuine

issue of material fact.  As the Court stated in its order granting summary judgment, what is

relevant is the substance of the two companies' respective products and services, not the

characterizations or labels offered by the parties regarding the products and services.  The Court

examined the admissible evidence regarding Groupon's products and services and found that a

reasonable juror could not find that a business which needs comprehensive customer

management software would turn to Groupon.  The SEC filing does not change this finding.

Moreover, even if this evidence was sufficient to show a small overlap between the companies'

products, Groupion has not even argued, let alone demonstrated, that upon consideration of and

balancing all of the *Sleekcraft* factors, this SEC filing is sufficient to support a finding by a

reasonable juror that Groupon is using a confusingly similar mark.[1]  Accordingly, the Court

DENIES Groupion's motion for reconsideration.[2]

_____

[1] In its reply brief, Groupion objects to portions of the declaration by Nick Cioffi. The Court need to rule on these objections because the Court did not need to consider this evidence in order to resolve Groupion's motion for reconsideration.

[2] In its motion for reconsideration, Groupion shifts its position from the one it took when it initially opposed Groupon's motion for summary judgment.  In its opposition brief, Groupion argued that Groupon infringed because it had moved into Customer Relations Management ("CRM") software. (Opp. at 12-14, 18-19, 22.)  In its motion for reconsideration, and in particular in its reply brief, Groupion now appears to argue that Groupon is infringing upon the categories of Groupion's Section 44(d) registration.  However, because Groupion did not move for leave to file a motion for reconsideration on this point, it is not a proper ground for reconsideration.
Moreover, Groupion's procedurally improper argument is also legally incorrect. "The holder of a registered mark (incontestable or not) has a civil action against anyone employing an imitation of it in commerce when 'such use is likely to cause confusion, or to cause mistake, or to deceive.' ... Although an incontestable registration is 'conclusive evidence ... of the registrant's exclusive right to use the ... mark in commerce,' ...the plaintiff's success is still subject to 'proof of infringement as defined in section 1114.'" *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004)(quoting 15 U.S.C. §§ 1114(1)(a), 1115(b)) (internal citations omitted).  Therefore, Groupion is required to show that Groupon's "actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question." *Id*.  Groupion's registration under Section 44, 15 U.S.C. § 1126, does not alter this standard or expand the rights of Groupion beyond those provided under the Lanham Act. *See Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594, 597-98 (4th Cir. 1992); *see also Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 908 (9th Cir. 2002) ("Section 44 and the Paris Convention

**B.      Groupion's Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

therefore interact as follows: A foreign national is entitled to the same effective protection against unfair competition to which an American is entitled, ... and in turn, the American gets the same right that the foreign national gets.") (internal quotation marks and citation omitted). Therefore, Groupion was required to demonstrate that Groupon's use of its marks was likely to confuse consumers about the source of the goods or services in question. *See Scotch Whisky*, 958 F.2d at 597-98.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    In order to make this showing, the non-moving party must "identify with reasonable

2  particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

3  1279 (9th Cir. 1996).  In addition, the party seeking to establish a genuine issue of material fact

4  must take care adequately to point a court to the evidence precluding summary judgment

5  because a court is "'not required to comb the record to find some reason to deny a motion for

6  summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th

7  Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418

8  (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary

9  judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

10    Groupion moves for summary judgment on Groupon's counterclaims for cybersquatting

11  and for cancellation of Groupion's registration.  The Court finds that Groupon submits

12  sufficient evidence to create a genuine issue of material fact which precludes the granting of

13  summary judgment on either of these claims.[3]  Therefore, the Court denies Groupion's motion

14  for summary judgment.

15  ///

16  ///

17  ///

18  ///

19  ///

20

21    [3] Groupion argues that it is moving to strike inadmissible statements in the declaration of Jedediah Wakefield. (Reply at 1 (referring to pages 14-15 of its Reply).)

22  However, Groupion's request to strike merely cites to arguments in Groupon's brief that Groupion considers to be unsupported.  Groupion does not point to any specific statements or paragraphs in Wakefield's Declaration to which it seeks to strike. (Reply at 14-15.)

23  Therefore, Groupion has not actually submitted any evidentiary objections on which the Court may rule.

24    The Court HEREBY STRIKES Groupion's arguments, and the evidence Groupion submitted in support thereof, regarding an interpretation of International Class 9 to include

25  software, which was asserted for the first time in its reply brief.  When Groupion filed its motion for summary judgment, Groupion was already aware of Groupon's argument in

26  support of its cancellation claim.  Groupon argued its position when it opposed Groupion's motion to dismiss on April 13, 2012, before Groupion moved for summary judgment.  To the

27  extent Groupion contends that International Class 9 includes software, Groupion could have and should have asserted this argument in its opening motion.  Because Groupion waited and

28  asserted this argument, and supporting evidence, for the first time in its reply brief, the Court strikes it.

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Court DENIES Groupion's motion for reconsideration and DENIES Groupion's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: July 23, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE