IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROUPION, LLC., <br><br> Plaintiff, <br><br> v. <br><br> GROUPON, INC., et al.., <br><br> Defendants. <br> _____/ | No. C 11-00870 JSW <br><br> **ORDER REGARDING MOTIONS RAISED IN TRIAL BRIEF** |

In their trial brief filed on September 27, 2012, Groupion, LLC ("Groupion") and Peter-Christoph Haider ("Haider") (collectively referred to as "Counter-Defendants") purport to bring five motions.[1] Each of these motions were required to be brought as noticed motions pursuant to Northern District Local Civil Rule 7-2. Nevertheless, because Groupon, Inc. ("Groupon") has filed an opposition to these motions, the Court will consider them. However, the Court admonishes Counter-Defendants that the Court will not make exceptions to the procedural requirements in the future unless Counter-Defendants seek and are granted leave upon a showing of good cause.

///

///

---

[1] Counter-Defendants state that they are bringing six motions, but only five are included in their trial brief. To the extent Counter-Defendants intend to bring another motion, the Court hereby admonishes them to follow the proper procedures for such a motion. Moreover, if such motion is one which was required to be brought before the dispositive motion deadline, Counter-Defendants will need to seek leave to file the motion after the deadline has long expired and on the eve of trial.

**A.     Motion to Disqualify.**

Counter-Defendants move to disqualify the undersigned on the grounds that the undersigned reviewed and considered documents they contend are confidential settlement offers.  As a threshold issue, a motion to disqualify must be raised timely. *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997) ("28 U.S.C. § 144 expressly requires that a motion to disqualify must be "timely," and [the Ninth Circuit has] judicially required as much under 28 U.S.C. § 455."). "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *Id*. (citation omitted).  Otherwise, without this timeliness requirement, "parties would be encouraged to 'withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke section 455 in order to get a second bite at the apple.'" *Id*. (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992). Motions to disqualify "should be filed with reasonable promptness after the ground for such a motion is ascertained." *E. & J. Gallo*, 967 F. 2d at 1295 (citation omitted).

Here, the Court issued an order on June 5, 2012 in which it ruled that the Federal Rule of Civil Procedure 408 did not bar consideration of the settlement offers and explicitly considered these settlement offers when it denied Counter-Defendants' motion to dismiss. Counter-Defendants do not explain why they waited until the eve of trial to file this motion. Accordingly, the undersigned finds that the motion to disqualify is untimely and denies it on that ground.

Additionally, the undersigned finds that the motion to disqualify is deficient on the merits as well.  "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (brackets and internal quotation marks omitted).  A motion for disqualification based entirely from the district court judge's adverse ruling is not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous

2

cases for the same proposition).  In *Liteky v. United States*, 510 U.S. 540, 555, the Supreme Court explained the narrow bases upon which a party may move for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines*, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

Counter-Defendants' motion is premised on the Court's consideration of documents which were filed in this case and form the basis of Groupon's cybersquatting claim.  Counter-Defendants have not demonstrated a bias or prejudice which stems from an extrajudicial source.  Moreover, as the Court previously ruled, Rule 408 does not bar consideration of these settlement offers.  "Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim." *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111 F.3d 1284, 1293-94 (6th Cir. 1997) (citation omitted); *see also* Rule 408, advisory committee note, 2006 amendment ("The amendment retains the language of the original rule that bars compromise evidence only when offered as evidence of the 'validity,' 'invalidity,' or 'amount' of the disputed claim.").  Groupon's cybersquatting claim was not a part of the settlement negotiations because it was not yet in existence.  Moreover, Rule 408 is inapplicable to communications when they are admitted to prove a wrong that was committed in the course of settlement discussions.  *Id*.; *see also Aamco Trans., Inc. v. Trovato*, 2011 WL 4549135, *5 (S.D. Cal. Sept. 28, 2011); Rule 408, advisory committee note, 2006 amendment (citing *Uforma/Shelby Bus. Forms*).  Groupon alleges that Haider and Groupion wrongfully trafficked in the domain names at issue by offering to sell them to Groupon without any solicitation to do so. (Counterclaim, ¶ 17.)  Counter-Defendants did not move for leave to file a motion for reconsideration of that order.  Accordingly, the Court

finds that Counter-Defendants have not demonstrated that disqualification is warranted and, thus, denies their motion.

### B. Motion for Jury Trial on Cancellation Claim.

Counter-Defendants move to have Groupon's cancellation claim heard by a jury. They state that their defense against this claim is two-fold. Counter-Defendants state that their first defense is that their registration in the United States is in fact narrower than the European registration. Without citation to supporting legal authority, Counter-Defendants argue that a jury is essential to evaluating their evidence of their defense. Counter-Defendants' asserted second defense is unclear. They argue that Groupon's alleged expansion of its goods and services requires review by a jury. However, it is not clear how *Groupon's* alleged expansion is relevant to the validity of *Groupion's* registration. Again, Counter-Defendants fail to cite to any supporting legal authority.

In their trial brief, Groupon argues that its counterclaim for cancellation is equitable, as opposed to legal, and thus, does not give rise to the right to a jury trial. In support of this proposition, Groupon cites to *Empresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 209 (S.D.N.Y. 2000) (A claim for cancellation of a trademark registration pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, is equitable in nature and does not give rise to a jury trial right."). The Court concurs that there is no right to a jury trial on an equitable claim. Nevertheless, the Court is going to provide Counter-Claimants an opportunity to address whether the cancellation claim is legal or equitable in nature.

By no later than October 17, 2012, Counter-Claimants shall file a supplemental brief in support of this motion. In this brief, Counter-Claimants shall address whether the cancellation claim is legal or equitable in nature. By no later than October 22, 2012, Groupon may file a supplemental response. The Court reserves ruling on this motion until consideration of the supplemental briefs.

### C. Motion to Dismiss Haider for Lack of Personal Jurisdiction.

Without acknowledging that the Court already considered and denied a motion to dismiss Haider for lack of personal jurisdiction, Counter-Defendants again assert that this Court

4

lacks personal jurisdiction over Haider.  In order to bring this motion, Counter-Defendants were required, but failed, to move for leave to file a motion for reconsideration.  On this basis alone, the Court denies the improper motion to dismiss.

Even if Counter-Defendants had followed the proper procedures, and first filed a motion for leave to file a motion for reconsideration, they have not demonstrated that reconsideration would be warranted.  Under Northern District Local Civil Rule 7-9, a motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment.  N.D. Civ. L.R. 7-9(b)(1)-(3).  The moving party may not reargue any written or oral argument previously asserted to the Court.  *Id.*, 7-9(c).

Here, Counter-Defendants assert that Groupon's failure to respond to unspecified discovery requests provides a basis for reconsideration.  However, Counter-Defendants fail to describe what specific discovery requests that would be relevant to the jurisdictional inquiry were propounded and inadequately answered.  Nor do Counter-Defendants describe what jurisdiction they currently seek in order to show the absence of personal jurisdiction. Additionally, Counter-Defendants do not address why they did not assert a need to conduct jurisdictional discovery when the motion to dismiss was pending.  Finally, the Court notes that to the extent Counter-Defendants have asserted purported failures by Groupon to adequately respond to discovery, Magistrate Judge James has ruled against them and this Court has affirmed the rulings to which Counter-Claimants have objected.  Accordingly, Counter-Defendants fail to demonstrate that they have been denied an adequate opportunity to conduct discovery and that there is likely outstanding discovery relevant to the personal jurisdiction inquiry which would warrant reconsideration.

Second, Counter-Defendants simply reargue that Haider has inadequate contacts with California to support a finding of personal jurisdiction.  In support of this repeated argument,

they cite to a case that predates their original motion to dismiss by several years. The local rules explicitly prohibit rearguing any argument previously asserted to the Court. Accordingly, the Court finds that Counter-Defendants have not demonstrated that reconsideration would be warranted. Counter-Defendants' failure provides an independent basis for the Court's denial of this motion.

**D.   Motions for Summary Judgment on Abandonment and on Damages.**

In their trial brief, Counter-Defendants also include a "motion for finding that Groupon has abandoned its trademark Group-ons" and a "motion precluding Groupon from requesting damages" on its cybersquatting claim. Counter-Defendants do not describe what type of motions these are. However, their efforts to avoid labeling these motions does not alter the fact that these motions are ones for summary judgment.[2] Unfortunately for Counter-Defendants, the deadline to file dispositive motions on Groupon's counterclaims was May 25, 2012. Moreover, Counter-Defendants already filed a motion for summary judgment regarding these claims. Pursuant to this Court's Standing Order ¶ 9, "[a]bsent a showing of good cause, the Court will address only one motion for summary judgment per party or side." Counter-Defendants did not seek leave to file a second motion for summary judgment or to file one after the deadline has long since passed. Based on these reasons alone, the Court denies these motions.

Additionally, Counter-Defendants' motions are deficient on the merits as well. Abandonment is an affirmative defense. *See Grocery Outlet, Inc. v. Albertson's Inc.*, 497 F.3d 949, 950 (9th Cir. 2007); *see also Atlas Supply Co. v. Atlas Brake Shops, Inc.*, 360 F.2d 16, 18 (6th Cir. 1966) ("Abandonment of a trademark is an affirmative defense which must be pleaded; otherwise it is deemed waived."); *Roxbury Entertainment v. Penthouse Media Group, Inc.*, 669

---

[2] In the heading of the purported motion regarding abandonment, Counter-Defendants also describe this motion as one to bar Groupon from litigating this claim based on its failure to provide discovery relating to its Group-ons trademark. To the extent this is an attempt at asserting another motion *in limine*, such a motion is precluded based on Counter-Defendants' failure to comply with this Court's Standing Order. Counter-Defendants failed to seek leave, and failed to demonstrate extraordinary good cause, to file an additional motion *in limine*. (Standing Order, ¶ 2(i).) Additionally, Counter-Defendants fail to support this purported motion with any argument and evidence. They do not even describe the discovery requests they propounded regarding this trademark and how Groupon's responses were inadequate. Therefore, Counter-Defendants have not demonstrated any sanction would be warranted.

1  F. Supp. 2d 1170, 1173 (C.D.Cal. 2009) ("Defendants also assert various affirmative defenses,
2  including unclean hands and abandonment... ."). Affirmative defenses are waived if they are
3  not asserted in the answer to a complaint. *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th
4  Cir. 2008) (citing Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively
5  state any avoidance or affirmative defense, including: ... release")). Counter-Defendants failed
6  to assert abandonment as an affirmative defense in their respective answers. (*See* Docket Nos.
7  182 and 183.) Accordingly, Counter-Defendants are precluded from asserting a defense of
8  abandonment on the eve of trial.

9  Moreover, to demonstrate abandonment by non-use, which is what Counter-Defendants
10 argue, they must prove both Groupon's "(1) discontinuance of trademark use and (2) intent not
11 to resume such use." *Grocery Outlet*, 497 F.3d at 951 (internal quotation marks and citation
12 omitted). Counter-Defendants have not submitted any evidence in support of this motion.
13 Accordingly, they have not met their burden and the Court denies their motion for summary
14 judgment on abandonment on these grounds as well.

15 Counter-Defendants also move for summary judgment on damages, asserting that
16 Groupon should be barred from recovering actual damages because Groupon has taken the
17 position that its mark and Groupion's mark are not confusingly similar and Groupon has not
18 demonstrated any harm. However, as Groupon points out in its opposition, whether Groupon's
19 and Groupion's marks are confusingly similar is irrelevant to Groupon's cybersquatting claim.
20 The issue presented by this claim is whether the *domain names* registered by Counter-
21 Defendants are "identical or confusingly similar" Groupon's marks. *See* 15 U.S.C. §
22 1125(d)(1)(A). Additionally, Groupon is not required to demonstrate actual harm or damages
23 because it has elected to seek statutory damages, as opposed to actual damages.

24 Counter-Defendants also argue summarily that Groupon is not entitled to statutory
25 damages because there was no "blatant bad faith" and Counter-Defendants did not profit from
26 the alleged cybersquatting. However, the party moving for summary judgment bears the initial
27 burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate
28 the absence of a genuine issue of material fact. *Celotex*, *Celotex Corp. v. Cattrett*, 477 U.S.

7

1  317, 323 (1986). Counter-Defendants have not done so. Therefore, the Court denies this
2  motion on the merits as well.
3       The Court admonishes Counter-Defendants to not file any more motions without
4  following the proper procedures and without supporting such motions with legal authority and
5  evidence.
6  **IT IS SO ORDERED.**

8  Dated: October 15, 2012 
9  JEFFREY S. WHITE
  UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8