JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
      csargent@computerlaw.com

Attorneys for GROUPION, LLC
and PETER-CHRISTOPH HAIDER
[Specially Appearing]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROUPION, LLC, a California limited liability company,<br>            Plaintiff,<br>    v.<br>GROUPON, INC., a Delaware corporation, THE POINT, INC., a Delaware corporation, and GOOGLE, INC., a Delaware corporation,<br>            Defendants. | Case No.: 3:11-cv-00870-JSW (MEJ)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO DISMISS WITH PREJUDICE** |
| GROUPON, INC., a Delaware corporation,<br>            Counterclaimant,<br>    v.<br>GROUPION, LLC, a California limited liability company, and PETER-CHRISTOPH HAIDER, an individual,<br>            Counterclaim Defendants. | |

Pursuant to Rule 41(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, the parties hereby jointly stipulate to dismiss all claims and counterclaims in this action WITH PREJUDICE, as follows:

WHEREAS, on April 4, 2011, Plaintiff and Counter-Defendant Groupion, LLC ("Groupion") filed a First Amended Complaint (Dkt. 10), asserting various claims against Defendant and Counterclaimant Groupon, Inc. ("Groupon"), The Point, Inc.[1], and Google, Inc., including: (1) Declaratory Relief (pertaining to Defendants Groupon, Inc., and The Point, Inc.); (2) Trademark Infringement [15 U.S.C. § 1114] (against all Defendants); and, (3) Unfair Competition (against all Defendants);

WHEREAS, on February 10, 2012, Groupon filed its First Amended Answer To Plaintiff Groupion's First Amended Complaint and Counterclaims (Dkt. 112), which included two counterclaims: (1) for violation of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) against Groupion and Counter-Defendant Mr. Peter-Christoph Haider; and, (2) for a Declaration of Cancellation of Groupion's Trademark (under 15 U.S.C. § 1119);

WHEREAS, on May 8, 2012, the Court dismissed Groupion's claims by its Order on Summary Judgment (Dkt. 145);

WHEREAS, on September 7, 2012, this Court entered an Order Dismissing Defendant Google, Inc., Without Prejudice (Dkt. 196), pursuant to a Joint Stipulation filed by the parties;

WHEREAS, on August 20, 2012, this Court ordered that the parties appear at a settlement conference before one of the district's Magistrate Judges (Dkt. 192), and said settlement conference took place on September 24, 2012 before Magistrate Judge Cousins;

WHEREAS, the parties were subsequently able to reach an agreement settling this litigation (including all claims and counterclaims) and have entered into a confidential settlement agreement; NOW THEREFORE, IT IS HEREBY STIPULATED AND REQUESTED, by and between the parties, that all claims and counterclaims by the parties in this litigation be DISMISSED WITH PREJUDICE, each side to bear its own attorneys' fees and costs.

---

[1] As of June 16, 2009, ThePoint.com, Inc., a/k/a The Point, changed its name to Groupon, Inc.

The parties further stipulate that this Court shall retain jurisdiction to enforce the parties' settlement agreement as necessary and to the fullest extent provided by law.  The parties further stipulate that all disputes and/or disagreements arising under the parties' settlement agreement shall first be subject to non-binding confidential mediation before Magistrate Judge Cousins.

**IT IS SO STIPULATED.**

Dated: December 21, 2012                                     FENWICK & WEST LLP

                                                             By: */s/Jedediah Wakefield*
                                                                 Jedediah Wakefield
                                                                 Attorneys for Counterclaimant
                                                                 Groupon, Inc.

Dated: December 21, 2012                                     COMPUTERLAW GROUP LLP


                                                             By: */s/Jack Russo*
                                                                 Jack Russo
                                                                 Attorneys for Counterclaim Defendants
                                                                 Groupion, LLC and Peter Christoph Haider

### ATTORNEY ATTESTATION

Pursuant to General Order 45, I hereby attest that concurrence in the filing of this document has been obtained from the signatory indicated by a 'conformed' signature (/s/) within this e-filed document.

                                                                 */s/Jack Russo*
                                                                 Jack Russo, Esq.

//

//

//

//

//

//

## [PROPOSED] ORDER

Pursuant to the Joint Stipulation of the Parties, all claims and counterclaims in this litigation are hereby DISMISSED WITH PREJUDICE, each party to bear its own attorneys' fees and costs.

The Court shall retain jurisdiction to enforce the parties' settlement Agreement as necessary and to the fullest extent provided by law.  All disputes and/or disagreements arising under their Agreement shall first be subject to non-binding confidential mediation before Magistrate Judge Cousins.

Dated: _____, 2012

_____
THE HONORABLE JEFFREY S. WHITE
United States District Court Judge